FITCHBURG MUTUAL FIRE INSURANCE COMPANY *vs.* JOHN E. DAVIS.

Worcester.  October 3. — 21, 1876.  COLT & MORTON, JJ., absent.

The omission to give an indorser notice of the non-payment of previous instalments, as they fell due on a promissory note, does not affect his liability for a later instalment, of the non-payment of which he has been duly notified.

Notice to the indorser of a promissory note of a demand made upon the maker for an instalment then due and for the interest due upon the note, (some of the previous instalments and interest being still unpaid,) and of his non-payment, is sufficient to charge the indorser, and is not invalidated by adding that the holder looks to him for the payment of the instalment and of the interest due upon the note.

In an action aga'ust the indorser of a promissory note to recover an instalment due thereon, it appeared that when previous instalments had become due, of the non-payment of which the indorser had not been duly notified, the indorsee had applied the proceeds of a mortgage, given by the maker to secure the payment of the note, to such instalments.  *Held*, that the indorsee had the right so to apply them.

CONTRACT to recover an instalment of $50, due May 30, 1874, and interest, against the indorser of the following promis

sory note, signed by Honora May and William May: " $1035.20. Fitchburg, November 30th, 1869. For value received I promise to pay John E. Davis, or his order, one thousand and thirty-five dollars and twenty cents as follows, to wit : fifty dollars at the expiration of three months from the date hereof, and fifty dollars at the expiration of each and every three months thereafter until the whole sum of ten hundred and thirty-five dollars and twenty cents is paid, with interest on the whole sum, at the rate of seven per cent., payable semi-annually." Trial in the Superior Court, before *Putnam*, J., without a jury, who allowed a bill of exceptions in substance as follows :

The making of the note and of the indorsement were admitted. It appeared in evidence that a demand was made upon the makers for the payment of the said instalment, and notice of its non-payment seasonably given to the defendant on June 2, 1874. This demand, however, was for the payment of said instalment, and interest then due upon said note, (some of the previous instalments and interest not having been paid,) and the notice given to the defendant stated that such had been the demand, and that the holders looked to him for the payment of said instalment and the interest due upon the note. The defendant had never been legally notified of the non-payment of such previous instalments.

The defendant contended that the whole notice was invalidated by reason of its including notice of a demand for more than the indorser was liable to pay; but the judge ruled that as the makers were liable for the whole, the demand was good, and that the notice was not wholly invalidated by reason of the demand covering more than the indorser was legally liable to pay, and found that the indorser was properly notified.

It appeared in evidence that previous instalments and the interest upon the note, according to its terms, had not been paid except as by the indorsement of the proceeds of the sale of property, as hereinafter stated ; that no notice of their non-payment was given to the defendant until, and except the notice of June 2, 1874, being the notice hereinbefore referred to, and the defendant contended that such want of notice for so long a period — the plaintiff holding collateral security — was, under the circumstances, such a dishonor of the note and the instalment sued for

as would discharge him as indorser; but the judge ruled that the defendant was not discharged thereby, so far as the amount of the instalment sued for and interest due thereon were concerned.

It appeared that the makers of the note had given to the defendant, at the time of the making thereof, a mortgage of land, to secure its payment, and that the defendant had assigned this mortgage to the plaintiff, on May 2, 1870, at the time when he transferred to it the note.

On April 24, 1874, the real estate was sold at public auction, by virtue of a power of sale in the mortgage, and for a breach of the condition thereof, for the sum of $995, and, after deducting the charges and expenses of the sale, the net amount of $970 was indorsed upon said note on May 2, 1874, and applied towards the payment of all of said note then due and unpaid. This application left the instalment now sued on still due and unpaid. The defendant contended that this application was illegal and that the plaintiff had no right to appropriate it in such a way as to cover instalments the non-payment of which he had not been notified of; but the judge ruled otherwise, and found for the plaintiff, in the sum of $54.25, being the instalment sued for and interest from June 2, 1874; and the defendant alleged exceptions.

*A. Norcross & F. C. Hartwell,* for the defendant.

*G. A. Torrey,* for the plaintiff.

GRAY, C. J.  By the non-payment of the previous instalments as they fell due, the whole note was dishonored, and subjected to all the defences which existed against it when the holder took it. *Vinton* v. *King,* 4 Allen, 562.  But the omission to give the indorser notice of the non-payment of those instalments does not affect his liability for a later instalment, of the non-payment of which he has been duly notified.

Notice that payment has been demanded of and refused by the maker is sufficient to charge the indorser, without any express demand upon him. *Lewis* v. *Gompertz,* 6 M. & W. 399 *King* v. *Bickley,* 2 Q. B. 419.  *United States Bank* v. *Carneal,* 2 Pet. 543.  The demand made in this case upon the makers for the payment of the instalment now sued for, and of the interest then due upon the note, (some of the previous instalments and interest being still unpaid,) included nothing for which the

makers were not liable.   The notice to the indorser of that de-
mand upon the makers, and of their non-payment, was sufficient
to charge the indorser, and was not invalidated by adding that
the holder looked to him for the payment of this instalment and
of the interest due upon the note.   The indorser was certainly
liable for the instalment in question, and for interest upon so
much of the principal as had not yet become due ; and whether
he was liable for the whole interest is immaterial.

The plaintiff had the right to apply, to the payment of the
previous instalments, the proceeds of the mortgage given by the
maker to secure the  payment of the note.   *Blackstone Bank* v.
*Hill,* 10  Pick.  129, 133.   *Saunders*  v.  *McCarthy*,  8  Allen,  42.
*Draper* v. *Mann*, 117 Mass. 439.          *Exceptions overruled.*