GEORGIANA E. HOPKINS (ALFRED C. HOPKINS, ADMINISTRATOR, SUBSTITUTED PLAINTIFF) *vs.* HATTIE H. MERRILL.

First Judicial District, Hartford, March Term, 1907.

BALDWIN, C. J., HAMERSLEY, HALL, PRENTICE and THAYER, Js.

Parol evidence is not admissible to vary the contract which arises under General Statutes, § 4236, from an unqualified indorsement of a negotiable promissory note.

The alleged parol agreement, while insufficient as a defense in an action by the indorsee against the indorser, may nevertheless create a

collateral obligation upon the part of the indorsee, for a breach of which the indorser, after having paid the note, may either maintain a separate action for damages, or recoup them by a counterclaim when sued upon his indorsement.

The facts alleged in defense in the present case reviewed and *held* not to present such a situation as rendered an attempt to enforce the contract of indorsement inequitable or fraudulent.

The failure of the holder of a note payable in instalments to notify the indorser of the nonpayment of other instalments, does not affect his right to recover for those in suit.

Argued March 7th—decided April 10th, 1907.

ACTION by the indorsee against the payee and indorser of a negotiable promissory note payable in monthly instalments, brought to the City Court of Hartford and tried to the jury before *Bullard, J.*, after a demurrer to the second defense had been sustained; verdict and judgment for the plaintiff, and appeal by the defendant. *No error.*

*Joseph P. Tuttle*, for the appellant (defendant).

*Albion B. Wilson*, for the appellee (plaintiff).

HALL, J.   This is an action against the defendant as indorser of the promissory note of one Anna M. Hotchkiss for $1,500, dated January 8th, 1904, payable to the defendant's order in monthly instalments of $25 on the 10th of each month, to recover three of said instalments, due respectively May 10th, June 10th, and July 10th, 1905, due notice of the nonpayment of which is alleged to have been given to the defendant.

The note was indorsed by the defendant to the plaintiff on the 22d of July, 1904.

The second defense alleges, in substance, that when the note was indorsed to the plaintiff six of the instalments had been paid; that it was so indorsed in payment of the difference between the equities in certain properties exchanged between plaintiff and defendant, and was secured by a second mortgage upon land of the maker, which was of sufficient value above the first incumbrance to. pay the note in suit; that the plaintiff at the time of the indorse-

ment agreed with the defendant to keep her fully advised as to the conduct of the maker of the note, respecting the payment of the instalments "and with respect to any action of hers touching the value of said security"; that the plaintiff failed to do so, and failed to give the defendant notice of the failure of the maker to pay several instalments prior to May 9th, 1905, and to give notice to the defendant of an action for the foreclosure of said first mortgage by the owner thereof against both the plaintiff and the maker of said note, until after said second mortgage had become extinguished by foreclosure; and that had the defendant been notified of said action she "would have been able to redeem said property and save said security."

The plaintiff's demurrer to this defense, stating, in substance, as grounds of demurrer, that the plaintiff owed the defendant no duty or obligation to notify her of said foreclosure suit, nor to defend said suit, was sustained by the trial court.

We shall treat the demurrer, as it has been by counsel and probably by the trial court, as raising, among other questions, that of whether parol evidence, varying the terms of the contract of indorsement, was admissible to prove the alleged agreement.

The trial court correctly sustained the demurrer. Under § 4233 of the General Statutes the defendant is liable as an indorser. His contract of unqualified indorsement is described in § 4236. One of the elements of such contract is a promise that if the note shall not be paid upon due presentment, and the necessary proceedings upon its dishonor are duly taken, the indorser will pay the amount of it to the holder. That parol evidence is not admissible to vary this contract is too well settled to require discussion. *Dale* v. *Gear*, 38 Conn. 15.

The answer does not expressly state that to the defendant's contract of indorsement, as defined by statute, there was added by the parol agreement the further condition that she should be fully advised by the plaintiff as to the conduct of the maker of the note regarding payment of the

instalments, and as affecting the value of the mortgage security. If such is the effect to be given to the agreement pleaded, it varied the contract of an unqualified indorsement, and parol evidence was not admissible to prove it.

If the agreement pleaded did not vary the contract of indorsement, by imposing a new condition upon the liability of the defendant, then it was not a part of the contract of indorsement, and the defendant's promise to pay upon due notice of dishonor remained unchanged and enforcible.

If such a valid agreement as is alleged in the answer was entered into between the indorser and indorsee, it created, at the most, a collateral obligation upon the part of the plaintiff to keep the defendant advised as alleged, the breach of which might enable the defendant, after having been compelled to pay the note, to maintain an action for damages, or to recoup by a counterclaim when sued upon her indorsement. *New Haven Mfg. Co.* v. *New Haven Pulp & Board Co.*, 76 Conn. 126, 130, 55 Atl. 604. But no counterclaim is pleaded in the present case, and the agreement is pleaded only as a defense, for which purpose it is wholly insufficient.

The facts pleaded by the second defense do not show any such relation, antecedent agreement, or state of facts, between the plaintiff and defendant, as renders an attempt to enforce the contract of indorsement inequitable or fraudulent, under the decision of this court in *Dale* v. *Gear*, 38 Conn. 15. They show either an attempt to change by parol evidence an unrestricted into a restricted indorsement, or to prove as a defense a collateral agreement which could only be the basis of a separate action or a counterclaim.

The trial court correctly ruled that the failure of the plaintiff to notify the defendant of the nonpayment of other instalments did not affect her right to recover the three which are the subjects of this suit. *Fitchburg M. F. Ins. Co.* v. *Davis*, 121 Mass. 121.

There is no error.

In this opinion the other judges concurred.