JOSEPH EUDAKAITIS *vs.* ST. GEORGE'S LITHUANIAN
SOCIETY.

First Judicial District, Hartford, March Term, 1913.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

It is only where facts are found without evidence that this court can
make the desired corrections in the finding on appeal.
It is within the province of the trial court to determine what the facts
are when the evidence is conflicting or contradictory.
A corporation may be bound by an implied contract in the same manner
as an individual; and therefore no formal vote of the members of
a corporation organized for social purposes is essential to establish
its liability for the reasonable worth or value of services rendered,
provided it is shown that the services were rendered under such
circumstances as to raise the fair presumption that the parties ex-
pected and understood that they were to be paid for.

Submitted on briefs March 5th—decided April 17th, 1913.

ACTION to recover the reasonable value of services
rendered, brought to and tried by the Superior Court
in New Haven County, *Ralph Wheeler, J.;* facts found
and judgment rendered for the plaintiff for $232, and
appeal by the defendant. *No error.*

*Nathaniel R. Bronson* and *Lawrence L. Lewis,* for the
appellant (defendant).

VOL. LXXXVII—1 (1)

*John M. Sweeney, Joseph C. Guilfoile* and *Francis P. Guilfoile,* for the appellee (plaintiff).

PER CURIAM. The defendant is a corporation incorporated by the General Assembly of this State in 1895, and is located in Naugatuck, Connecticut. It has no capital stock, and was organized for social purposes and mutual benefit. During the years from 1904 to January, 1911, the plaintiff was treasurer of the society, and as such officer he performed the duties required of him as such officer by the constitution and by-laws of the society. The society owned a piece of land in Naugatuck, with certain improvements thereon, such as buildings, fences with gates, etc., in one of which buildings was an assembly hall and barroom, and attached to the building was a platform. It was customary for the society to rent these premises, or parts of them, to other and similar organizations for the purpose of entertainment, such as picnics and dances. They were used on all holidays by the society, or by other organizations. The plaintiff also, at the request of the yearly committee and with the full knowledge and acquiescence of all the members of the society, in connection with the beer business, conducted the business of buying and selling cigars and soda water as agent of and for the benefit of the society. The plaintiff ordered and received beer, cigars, and soda water at the hall of the society, and looked out for the storing and proper care of the goods received. He received from the committee checks to be sold by him, each representing the sum of five cents, and sold such checks, which were accepted in lieu of cash by bartenders designated by the committee to act for certain periods. The checks so received were deposited in boxes, and by the plaintiff turned over to the committee, who kept the account from checks issued and returned.

The plaintiff also performed services, at the request of the yearly committee or in their absence, in the care of the grounds and buildings, such as building fires, preparing for meetings, and closing buildings. Other members also did some similar service voluntarily, but not to such an extent as the plaintiff.

At a regular meeting of the society in December, 1906, or in January, 1907, the plaintiff complained that the work he was doing was too hard, and stated that he wanted to resign as treasurer and give up the work he was doing. Thereupon a member of the yearly committee, openly in such meeting, said he was doing honest work and should be paid, and other members of the society present expressed their assent. There was no objection from any one. No formal vote was taken.

The plaintiff admits that he is not entitled to recover anything for services rendered as treasurer, but contends that in the work for which he claims compensation he was acting, not in the capacity of treasurer, but in an independent relation to the defendant society. The trial court has found that the services of the plaintiff in this business were not such as were or could be required of the plaintiff as an officer or member of the society, were such as are usually compensated, were requested by the society, and were performed by the plaintiff in expectation of compensation.

These conclusions of fact, if they are allowed to stand, justify the conclusion that the plaintiff is entitled to recover a reasonable compensation for his services. The defendant, however, contends that these conclusions are not warranted by the evidence, which is brought before us under the provisions of § 797 of the General Statutes, and we are asked to make numerous corrections in the finding. This we cannot do, unless it appears that the facts found were found without evidence. An examination of the record discloses that

the basis of most of these requests for changes in the finding is what some witness has testified to for the plaintiff, whose statement has been contradicted by witnesses testifying for the defendant. It was within the province of the trial court to determine, on this conflicting evidence, what the facts were.

Counsel for the defendant does not question its power to make contracts for personal services rendered in connection with its property, but maintains that no implied contract can be inferred from the facts proven; that a formal vote of the society is essential.

"A corporation may be bound by an implied contract in the same manner as an individual. To render such party liable as a debtor under an implied promise, it must be shown not only that the services were valuable, but also that they were rendered under such circumstances as to raise the fair presumption that the parties intended and understood that they were to be paid for." *Mahoney* v. *Hartford Investment Corporation*, 82 Conn. 281, 286, 73 Atl. 766. The fact that a formal vote to employ and pay the plaintiff was not taken by the society is no defense to his claim. The circumstances show an assent on the part of the society which was equivalent to a formal vote.

The court was justified in finding from the evidence that a contract existed between the parties, and that the plaintiff had rendered valuable services thereunder.

There is no error.

In this opinion the other judges concurred.