ARTHUR W. BELL *vs.* WILLIAM B. STRONG ET UX.

Third Judicial District, New Haven, January Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

On appeal under General Statutes, § 5832, this court will examine
the printed record and will correct the finding of the trial court
only when it appears that the facts were found without evidence.
A determination of fact by the trial court from subordinate facts found
is conclusive unless it plainly appears from the printed record to
be contrary to or unsupported by the subordinate facts, or in
conflict with the settled rules of logic and reason, or found in
violation of some rule or principle of law.
The material subordinate facts appearing in the printed record in the
present case examined and *held* logically and reasonably to support
the determination·of the trial court that the plaintiff was not the
effective procuring cause, or the predominating cause, of the sale
of the defendant's property, and therefore was not entitled to
recover a real-estate broker's commission.

Argued January 18th—decided February 21st, 1921.

ACTION by a real-estate broker to recover a commis-
sion for effecting an alleged sale of the defendants'
premises, brought to and tried by the Superior Court
in Fairfield County, *Haines, J.;* facts found and judg-
ment rendered for the defendants, and appeal by the
plaintiff. *No error.*

*Raymond E. Hackett,* for the appellant (plaintiff).

*C. Milton Fessenden,* for the appellees (defendants).

BURPEE, J. This appeal comes to this court under
the provisions of § 5832 of the General Statutes. There
are thirty-four assignments of error. In twenty-four
of these the plaintiff claims that the court erred in
not finding "as a fact" each of twenty-four paragraphs
of his draft-finding. In four others he claims that the

court erred in finding "as a fact" three paragraphs which appear in the finding and in its memorandum of decision. He has caused the evidence and rulings in the case to be made a part of the record on this appeal. He asks this court to try again on this printed record the issues of fact, and decide that his conclusions and inferences from the conflicting evidence were correct and those of the trial court were wrong. This we cannot do. It is within the province only of the trial court to determine, on conflicting evidence, what the facts were. In such an appeal as this this court will examine the whole printed record, and will correct the finding where it appears that it does not present the facts properly. That means, where it appears that facts were found without evidence. Such an examination in this appeal reveals that the evidence relating to the facts set forth in each of the paragraphs specified in the assignments of error was conflicting, and that the trial court could reasonably make the conclusions and inferences it has stated in its finding. Therefore those facts are the only facts which can be considered. *Eudakaitis* v. *St. George's Lithuanian Society*, 87 Conn. 1, 4, 86 Atl. 562; *Johnson* v. *Shuford*, 91 Conn. 1, 6, 98 Atl. 333; *Plum Trees Lime Co.* v. *Keeler*, 92 Conn. 1, 7, 101 Atl. 509.

In the assignments of error numbered twenty-nine, thirty, and thirty-one, the plaintiff claims that the court erred in overruling certain claims of law. Each of these claims was really a claim of fact. The plaintiff did not raise in his pleadings any question concerning the bad faith of the defendant, but he argued in the trial court, and urges in this appeal, that the defendant acted in bad faith in certain respects. Upon the evidence the trial court found that in fact the defendant did not act in bad faith in any respect, thereby removing any basis for a claim of law concern-

ing that matter, since the facts do not show that this conclusion was erroneous in law.

The thirty-fourth assignment of error is not specific, does not comply with the statute, and has been too often condemned by this court to deserve any consideration now. *Avery* v. *Ginsburg*, 92 Conn. 208, 102 Atl. 589.

To recover in this action, it was essential for the plaintiff to prove that he, as he alleged in his complaint, procured a purchaser of the defendant's property— that is, that he was "the effective procuring cause of the sale." That he was not, the trial court found as a conclusion of fact from subordinate facts set forth in the finding. That determination is conclusive, unless upon examination of the printed record on appeal it plainly appears to be "contrary to or unsupported by the subordinate facts, or in conflict with the settled rules of logic and reason, or found in violation of some rule or principle of law." *Seward* v. *Seward & Son Co.*, 91 Conn. 190, 193, 99 Atl. 887.

The material subordinate facts which appear in the record are these: In April and May, 1919, the plaintiff was a real-estate broker and the defendant the owner of real estate in Stamford. The defendant listed his property with the plaintiff and with other real-estate brokers for lease or for sale at a fixed price, which was once reduced. The plaintiff advertised and placed his sign on the property, and showed it to a number of prospective customers, including Dr. Hornaday. After examining the premises, Hornaday informed the plaintiff that he did not desire to buy, but would lease them. Thereupon the plaintiff prepared a lease for the term of one year, which Hornaday signed and left with the plaintiff, with a check to tender to the defendant, on an understanding with the plaintiff that the latter would endeavor to procure the

acceptance and signature of the lease by the defendant. The plaintiff thereafter told the defendant that he had found a person who would lease but did not want to buy, and the defendant replied that he wanted to sell and not to lease, and asked the plaintiff to put him in communication with the person who would lease the premises so that he might try himself to sell them to him. The plaintiff then gave the defendant Hornaday's name and address, and thereupon telephoned to Hornaday and told him that the defendant was not anxious to lease but would see him and talk with him about a sale, and advised Hornaday that, if he wanted to rent the place, he "had better be noncommittal" about buying it. In the subsequent interview between the defendant and Hornaday, the former informed the latter that he would not lease the property but would sell it, but he did not succeed in making a sale. Soon afterward the plaintiff submitted to the defendant the lease of the premises which he had prepared, and which contained a clause intended to bind the defendant to pay to the plaintiff the regular commission if the property should be sold to Hornaday. The defendant refused to execute the lease containing this clause, for the reason that the plaintiff had not tried to sell the property but rather to lease it. The plaintiff thereupon, in order to bring about the consummation of the lease, canceled this clause, and accepted from the defendant the regular commission for securing a lease. Immediately thereafter the plaintiff removed his sign from the premises and ceased to have anything to do with them. Hornaday at once entered into possession of the property as lessee. Within about ten days thereafter the defendant personally offered to sell the property to Hornaday at a lower price than he had fixed before, and after several interviews effected the sale.

The conclusion of the trial court was not contrary to or unsupported by these subordinate facts, and none has been found in violation of any rule or principle of law. Together they logically and reasonably support its determination that the plaintiff was not the "procuring cause of the sale," or the "predominating efficient cause," as the terms have been explained and illustrated in recent decisions of this court. *Murphy v. Linskey,* 94 Conn. 475, 109 Atl. 412; *Rosenfield v. Wall,* 94 Conn. 418 (the dissenting opinion does not relate to this matter) 109 Atl. 409; *Ritch v. Robertson,* 93 Conn. 459, 106 Atl. 509.

It is not necessary to determine whether the cancellation by the plaintiff of the clause in the proposed lease intended to secure to him a commission on any future sale of the property was a waiver by him of a right to a commission, because it plainly appears that he had not then any legal right to a commission which he could waive or insist upon. His conduct in this matter should be, and was by the trial court, considered as a part of the evidence relating to the principal question whether he was the procuring cause of the sale subsequently made by the defendant.

There is no error.

In this opinion the other judges concurred.