## LOUIS WARNEKE *vs.* JOHN PREISSNER.

First Judicial District, Hartford, October Term, 1925.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and JENNINGS, Js.

The legal relations created by a mortgage of real estate must be determined according to the law of the State where the land is situated.

Facts necessarily to be inferred from the averments made, need not be expressly alleged.

It is no longer necessary to plead specially the law of other States, since by §§ 5726 and 5727 of the General Statutes, their statutes and decisions are made subjects of judicial notice.

In an action against the indorser of an instalment note, secured by a mortgage upon Massachusetts real estate containing a power of sale, the defense that the plaintiff conducted such sale without proper notice and that he failed to apply the proceeds to the satisfaction of after-accruing instalments, should be specially alleged; and if not so pleaded, the defendant is in no position upon appeal to make claims of error with respect to these issues.

The indorser of an instalment note undertakes that each instalment will be met as it falls due and that, if not otherwise paid, he will himself, upon due notice, discharge it.

The omission to give the indorser notice of the nonpayment of previous instalments as they fell due, does not affect his liability for a later instalment, of the nonpayment of which he is duly notified.

Argued October 8th—decided November 10th, 1925.

ACTION to recover an instalment alleged to be due upon a promissory note indorsed by the defendant to the plaintiff, brought to the City Court of Hartford and tried to the court, *Ross, J.;* judgment for plaintiff, and appeal by defendant. *No error.*

*Morris Blumer* and *Frederick J. Rundbaken,* for the appellant (defendant).

*Frank Covello,* with whom, on the brief, was *Francis A. Pallotti,* for the appellee (plaintiff).

MALTBIE, J. This action was brought to recover an instalment alleged to be due upon a note which the defendant, the payee, had indorsed to the plaintiff. The note was for $5,500, payable in monthly instalments of $50 each, with interest also payable monthly. It was secured by a mortgage of real estate located in Springfield, Massachusetts, and both note and mortgage were executed and delivered in that city. The mortgage gave to the mortgagee authority to sell the premises at auction upon default in any payment due upon the note. Such a default having occurred, the plaintiff, to whom the mortgage had been assigned, did put the premises up at auction and bid them in himself for $1,950. He applied a part of the purchase price to the discharge of such indebtedness as had then accrued upon the note, and held the balance against such indebtedness as might accrue upon it in the future. The trial court finds that before this action was brought he had exhausted all that balance in the payment of instalments and interest which became due on the note, so that nothing remains in his hands for application to the note, and gave judgment for the plaintiff.

The complaint alleges the indorsement of the note by the defendant to the plaintiff, the failure of the maker to pay the instalment in suit, and notice of nonpayment to the defendant, and has annexed to it a copy of the note. By that copy, it is made to appear that there was upon the margin of the note a statement that it was secured by a mortgage of real estate in Springfield, to be there recorded. The defendant in his original answer pleaded a general denial, and then set up two special defenses, first, the foreclosure of the mortgaged premises and the acceptance of them by the plaintiff in full satisfaction of the debt, and secondly, the sale of the premises in foreclosure and

the payment from the proceeds of the instalment in suit; and, later, he added a third special defense to the effect that at the sale the plaintiff induced the defendant not to bid by undertaking himself to buy the property and to take it in full satisfaction of the debt secured. The trial court found that by the law of Massachusetts the plaintiff was authorized to sell the premises as he did, take from the proceeds a sufficient sum to discharge any part of the debt then due, and hold and use the balance to discharge other instalments of principal and interest as they might thereafter accrue. One of the principal grounds of appeal is that, in so applying the law of Massachusetts, the trial court went outside the issues made by the pleadings. The mortgage being of real estate in Massachusetts, the rights of the parties under it had of necessity to be determined by the law of that State. *Braman* v. *Babcock*, 98 Conn. 549, 558, 120 Atl. 150; *Brine* v. *Hartford Fire Ins. Co.*, 96 U. S. 627; 1 Jones, Mortgages (7th Ed.) § 661. The copy of the note attached to the complaint imported into the record the fact that it was secured by a mortgage upon lands in Massachusetts; when the defendant based his answer upon the circumstances of the plaintiff's foreclosure of it, it was necessarily implied that the effect of that foreclosure was to be determined by the law of that State; and what is necessarily implied need not be expressly alleged. *Lord* v. *Russell*, 64 Conn. 86, 29 Atl. 242; *Brockett* v. *Fair Haven & W. R. Co.*, 73 Conn. 428, 434, 47 Atl. 763. By the terms of the General Statutes, §§ 5726, 5727, our courts are now authorized to take judicial notice of the statutes and judicial decisions of other States, and this would obviate any necessity of pleading the provisions of that law. *Donovan* v. *Hartford Street Ry. Co.*, 65 Conn. 201, 214, 32 Atl. 350. But, aside from these considerations, it was

the defendant who was setting up the foreclosure of the mortgage and seeking the advantage of it as constituting a payment or discharge of the debt; if the failure to plead these laws was a defect, it was one which occurred in his own pleading, and it hardly lies in his mouth to complain if the trial court overlooked the deficiency and decided the case as though his answer had been full and complete.

The defendant complains of certain findings of the trial court, but only two of these require mention. He alleges that there was no evidence upon which the court could find that due notice was given of the foreclosure sale, or that the plaintiff applied the proceeds of the sale remaining after the discharge of the amounts then due to the payment of other indebtedness thereafter accruing upon the note. We are satisfied from the record that the claims of the defendant in this regard have no substantial merit. But if they did have, his answer presents no case which would make them available to him, for he does not allege an attempt to sell the property in foreclosure which was defective for want of proper notice, or a sale of the premises followed by a failure to apply the proceeds to discharge indebtedness on the note as it fell due, and the plaintiff could not be said to have been put upon notice of an obligation to offer proof to controvert such contentions. To deny recovery upon such grounds would be not merely to go outside the issues fairly made by the pleadings, but to find facts contrary to the plain intendment of the answer. Moreover, if they were stricken out, it would still remain true that the defendant had wholly failed to prove any of his special defenses and the plaintiff would be entitled to recover.

The same might be said of the defendant's further contention that the plaintiff had no right as against

him to apply the amount realized on the sale of the premises to the payment of any of the instalments due upon the note unless' notice of nonpayment sufficient to charge him as indorser had been given in each instance, but as this goes somewhat more to the merits of the case, a word further is perhaps justified. The point raised by the defendant is effectually decided against him in *Fitchburg Mut. Fire Ins. Co.* v. *Davis,* 121 Mass. 121, which is distinguishable in no material respect from the instant case. That case was followed by our own decision in *Hopkins* v. *Merrill,* 79 Conn. 626, 66 Atl. 174, where the indorser could point to circumstances much more favorable to the existence of an equity in his favor than can the defendant. By his indorsement, the defendant undertook that each instalment of the note would be paid as it fell due and that, if not otherwise paid, he would himself, upon due notice, discharge it. General Statutes, § 4424; *Hurlburt* v. *Bradley,* 94 Conn. 495, 497, 109 Atl. 171. He was present at the sale under the mortgage, knew the amount realized, and could himself determine with reasonable accuracy how far it would go to discharge the sums falling due on the note. The plaintiff was under no obligation to account to him for his use of the fund for that purpose, or give him notice of nonpayment until it became necessary to look to him. Any uncertainty of the defendant as to his being called upon to make good his indorsement upon instalments due after the fund was exhausted was not attributable to any fault on the plaintiff's part, but to the nature of the transaction to which he had himself voluntarily become a party.

There is no error.

In this opinion the other judges concurred.