SAM KUDLA *vs.* JOHN PIGNONE.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 8th, 1934.

*Arthur L. Shipman, Jr.,* for the appellant (defendant).

*Jacob Schwolsky,* for the appellee (plaintiff).

AVERY, J. From the finding, it appears that the plaintiff, the defendant and four other employees of

the Whitney Manufacturing Company were engaged in unloading sand from a freight car on a siding of the company's premises and conveying it in a two and one-half ton Mack truck to the storehouse some two hundred and fifty feet distant. The sideboards had been removed to facilitate loading and unloading and seventy-five bags, each containing one hundred pounds of sand, were wheeled from the freight car and deposited on the truck in three tiers of five bags each, filling it to within three or four feet of the rear end. When the truck was loaded, it was driven by the defendant from the freight car to the storehouse. One of the men rode with the driver in the cab; the plaintiff with the other three rode sitting upon the bags of sand. On one of the trips, while rounding a sharp curve near the storehouse, the plaintiff and one of the men, with several bags of sand, were thrown out over the side, the plaintiff receiving injuries. The particular trip upon which the plaintiff was injured was made at about ten-thirty in the morning, and since seven o'clock, when they started to work, four other trips had been made, the sand being loaded in the same manner, the truck being driven by the defendant, and the plaintiff and three other men sitting upon the sand bags; and nothing had occurred.

The trial court concluded that the defendant was negligent in driving around the corner at too high a rate of speed under the circumstances, and that the plaintiff was in the exercise of due care, and gave judgment for the plaintiff. On this appeal, the defendant attacks these conclusions and seeks to correct the finding by striking out certain subordinate facts found, including that the defendant rounded the curve at an excessive rate of speed, and to add to the finding that it was unnecessary for the plaintiff to sit on the bags to hold them in position or to ride while going to the

storehouse, and that just prior to falling, the plaintiff had observed that the bags were slipping and had failed to hold on to anything to prevent himself from falling. The finding as to speed has support in the evidence, and a finding that the plaintiff grasped a bag to keep from falling off is not questioned. The additions to the finding requested by the defendant, if added, would be at most relevant solely to the question whether the plaintiff was guilty of contributory negligence, and the finding discloses that no claim was made at the trial that he was. That aside, even if the plaintiff was not required to ride upon the truck sitting upon the bags, it was not necessarily negligence for him to do so. *Gibson* v. *Hoppman,* 108 Conn. 401, 404, 143 Atl. 635; *Peterson* v. *Meehan,* 116 Conn. 150, 154, 163 Atl. 757. The addition to the finding of the statement that the plaintiff failed to hold on to anything when he felt the bag slipping would carry an entirely erroneous impression, because the only testimony bearing upon the matter was to the effect that there was nothing to which he might hold except the very bag of sand which was slipping. The conclusions of the trial court are supported by subordinate facts found which are based upon the evidence or on reasonable inferences therefrom. It is true that the evidence was conflicting, but it was the province of the trial court, in view of the conflicting evidence, to determine the facts and with this determination we do not interfere. *Bell* v. *Strong,* 96 Conn. 12, 13, 112 Atl. 645; *Eudakaitis* v. *St. George's Lithuanian Society,* 87 Conn. 1, 4, 86 Atl. 562; *Johnson* v. *Shuford,* 91 Conn. 1, 6, 98 Atl. 333; *Plum Trees Lime Co.* v. *Keeler,* 92 Conn. 1, 7, 101 Atl. 509.

There is no error.

In this opinion the other judges concurred.