DAVID BERKOWITZ *vs.* KONSTANTY KASPAREWICZ ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued January 9th—decided February 13th, 1936.

*Harry L. Nair,* for the appellant (defendant The Phoenix Finance Corporation).

*Frederick B. Hungerford,* for the appellees (plaintiffs).

AVERY, J. This action was brought by the plaintiffs as holders to recover the balance claimed to be due on an instalment note against Konstanty Kasparewicz, maker, and The Phoenix Finance Corporation, indorser. The maker suffered a default for failure to appear and the case was afterward brought to trial against the indorser; judgment was rendered for the plaintiff to recover against both defendants $1268 with interest from April 25th, 1932, a total of $1520.33, and the defendant The Phoenix Finance Corporation has appealed.

The facts found by the court were as follows: On October 25th, 1926, the defendant Konstanty Kasparewicz made and delivered his mortgage note payable to the order of Sebastiano Gozzo in the sum of $2450, payable in instalments of $100 each six months for a period of three years from its date, and thereafter $125 each six months until paid in full, with interest at 6 per cent. payable semi-annually. The note contained an acceleration clause providing that if any payment of principal or interest on the note "be not paid within thirty (30) days after the same becomes due and payable, then in such event, the unpaid balance due on this note, becomes due and payable on demand, at the option of the holder thereof." The note was sold and indorsed by Gozzo to the defendant The Phoenix Finance Corporation. In the latter part of 1928, it was again transferred by indorsement to Berka Berkowitz when $2050 was still due, all previous instalments having been fully paid. The note was acquired by Berka Berkowitz for the benefit of himself and the plaintiffs David and Martin Berkowitz. Berka Berkowitz died on January 25th,

1930, and Martin was appointed the administrator of his estate. The maker paid the instalments of $100 and interest due April 25th and October 25th, 1929. On April 25th, 1930, there became due by the terms of the note an instalment of principal in the sum of $125 and interest. On that day, the maker paid and the plaintiffs accepted an instalment of principal in the sum of $100 with the interest then due. Thereafter, as a regular practice, the maker paid and the plaintiffs continued to accept instalments of only $100 on the principal on each instalment due date until April 25th, 1932; all without the knowledge or consent of the defendant indorser. On each occasion, interest was fully paid and included interest on such portions of the previous instalments as had not been paid when due.

At no time after April 25th, 1930, did the plaintiffs demand payment of any instalment of principal in an amount greater than $100, nor did they give the maker any notice of intention to reinstate the original instalments called for by the note. When the plaintiffs bought the note and until July 16th, 1932, it was in the custody of a bank, in consequence of which the plaintiffs had no knowledge of the change in the amount of the instalments to be paid on and after April 25th, 1930. On April 25th, 1932, the maker paid the sum of $43.50 on account of interest and $57 on account of principal. By this payment, all interest due under the terms of the note on April 25th, 1932, was fully paid. At this time, the maker asked for two months time to pay a balance of $43 on the principal. When the maker declared himself unable to pay, the note was placed in the hands of an attorney for collection. On July 18th, 1932, the plaintiff's attorney wrote a letter to the indorser, referring to the note, and stating: "My client looks to you for payment

of the balance of $1393 and interest from April 25, 1932, on this note and upon receipt of the same will execute a reassignment to you." This letter was followed by another on July 22d, 1932, in which the attorney gave notice that he intended to bring suit unless the matter was attended to by the defendant indorser. On August 3d, 1932, the plaintiff's agent visited the home of the maker, exhibited the note and made demand upon him for payment of the full unpaid balance, which the maker refused to pay. Later on the same day, plaintiff's attorney gave due notice to the defendant indorser of the refusal of the maker of the note to pay and of its dishonor.

In its assignments of error, the defendant claims that the finding that the plaintiff's attorney gave due notice of dishonor of the note to the indorser was without evidence. An examination of the testimony certified shows that the attorney as a witness stated, in his direct examination, that he made presentment of the note and demand upon the maker on August 3d, 1932, and that he mailed a notice of dishonor to the indorser on the day following. Later on in his testimony, however, it appeared that the notice of dishonor was mailed upon the same day upon which demand was made of the maker. In this conflicting state of the evidence, it was the province of the trial court to determine the fact. *Kudla* v. *Pignone,* 119 Conn. 204, 206, 175 Atl. 469. The parties resided in the same place. Under such circumstances, General Statutes, § 4420, provides: "Where the person giving and the person to receive notice reside in the same place, notice must be given within the following times: . . . if sent by mail, it must be deposited in the post office in time to reach him in the usual course on the day following." A notice deposited in the mail on August 3d at New Britain would have reached the de-

fendant in the ordinary course of the mails upon the day following. It follows that no correction of the finding can be made whereby the position of the defendant will be advantaged.

The principal contentions of law upon this appeal by the defendant are: (1) that the indorser was discharged by failure to exercise the option to accelerate within a reasonable time after the first default on April 25th, 1930; or (2) that the letter of July 18th, 1932, was an exercise of the option to accelerate maturity; and, there having been no presentment of the note to the maker on that day, the indorser was discharged; or (3) that the regular practice of the holders in accepting reduced instalments of principal and increased amounts of interest from April 25th, 1930, to April 25th, 1932, postponed their rights to enforce the instrument in accordance with its terms and discharged the indorser.

The acceleration clause in this note is not self-executing but merely confers on the holder an option to declare the entire debt due on default continuing thirty days in payment of interest or any instalment of principal. The entire note did not become due until the holder exercised his option which he might do within a reasonable time after the right accrued, and the liability of the indorser is fixed by presentment upon the day when the option is exercised with due notice of dishonor to the indorser. The liability of the indorser upon each instalment of a note of this character is the same as if there had been a series of notes coming due every six months for $100 and $125 respectively. In the case of each instalment as it became due, to hold the indorser proper presentment to the maker and notice to the indorser was required. If such notice was not given, the indorser was relieved to the extent of that payment of prin-

cipal and interest, but the failure to notify the indorser of the nonpayment of other instalments did not affect the plaintiff's right to recover for a later instalment of the nonpayment of which the indorser was duly notified. *Hopkins* v. *Merrill,* 79 Conn. 626, 629, 66 Atl. 174; *Fitchburg Mutual Fire Ins. Co.* v. *Davis,* 121 Mass. 121, 123; *Warneke* v. *Preissner,* 103 Conn. 503, 507, 131 Atl. 25; *Schumacher* v. *Miller,* 111 Conn. 568, 571, 150 Atl. 524. "When the acceleration clause is at the option of the holder, he is not obliged to exercise that option upon the first default, but if he does, by the failure to give notice to the indorser he is discharged as to the overdue instalment, and the remainder of the note stands as though that instalment had been paid when due and no default had been made, so that upon exercising the option, the indorser may be bound by notice of dishonor of the whole sum due less the instalment passed by." 2 Daniel, Negotiable Instruments (7th Ed.) § 1197.

As the acceleration clause in this note was not self-executing, demand upon the maker was necessary in order to accelerate the payment of the entire debt. General Statutes, § 4387; *Bardsley* v. *Washington Mill Co.,* 54 Wash. 553, 557, 103 Pac. 822; *Griffin* v. *Reilly* (Tex. Civ. App.) 275 S. W. 242, 248. The letters of the plaintiff's attorney to the indorser of July 18th and 22d, 1932, were without effect, as it is not found that demand of any kind was made at that time upon the maker for the payment of the unpaid principal of the note. The letters amounted at most to a notice to the indorser that the acceleration clause would be put into effect by the holder unless the indorser took over the note.

The contention of the appellant that by accepting instalments of less amount than that provided for in

the note from April 25th, 1930, the contract was modified and the indorser discharged cannot be sustained in view of the finding of the trial court that when the plaintiff's decedent bought the note and until July 16th, 1932, it was in the custody of a bank and the plaintiffs did not know that the amount of the semi-annual payments increased from $100 to $125 on and after April 25th, 1930. *Lockwood* v. *Crawford,* 18 Conn. 361, 376; *Continental Life Ins. Co.* v. *Barber,* 50 Conn. 567, 569; *State ex rel. McClure* v. *Northrop,* 93 Conn. 558, 566, 106 Atl. 504. The court has not found that the contract was modified by agreement between the holder and maker of the note, and the finding that the reduced payments were taken in ignorance negatives any intent upon the part of the holder to alter or vary the terms of the contract. Any modification of the contract would be limited by the intent of the parties. *Hartford Realization Co.* v. *Travelers Ins. Co.,* 117 Conn. 218, 227, 167 Atl. 728. The receipt of a smaller instalment than that due in ignorance of the fact that the contract provided for a larger instalment would not establish an intent on the part of the holder to waive or modify the conditions of the contract. *Rosenthal* v. *State Bar Examining Committee,* 116 Conn. 409, 418, 165 Atl. 211.

The appellant claimed that there was a variance between the pleadings and the proof, in that the plaintiffs alleged in the complaint a default in the payment of interest while the proof showed a default in the payment of an instalment of principal due April 25th, 1932. A default in either respect was a reason for exercising the option to accelerate. It was immaterial on which account the default occurred. "Under the Practice Act claims of variance are discouraged. 'A variance, . . . to be available, must be a disagree-

ment between the allegations and the proof in some matter . . . essential to the charge or claim.' " *Nocera* v. *LaMattina,* 109 Conn. 589, 593, 145 Atl. 271. The claim of the appellant based on a variance cannot be sustained.

In its reasons of appeal, the appellant claimed that the amount due was incorrectly computed. The original amount of the note was $2450, from which should be deducted six payments of $100, being the instalments payable in the first three years by the terms of the note, and five amounts of $125, being the instalments thereafter payable every six months, including the instalment due April 25th, 1932. These instalments were not paid in full, and the indorser, not having been notified of nonpayment, was discharged as to the payment of the whole of each instalment. As regards the indorser the amount which the plaintiff could recover upon the date when the acceleration clause came into effect, August 3d, 1932, was $1225, with interest from April 25th, 1932, the date of the last preceding interest payment.

There is error in the amount of the judgment only and the cause is remanded to the Superior Court with directions to correct the judgment as to the defendant The Phoenix Finance Corporation, and to enter judgment against that defendant in the sum of $1225 with interest thereon from April 25th, 1932.

In this opinion the other judges concurred.