Jones, P. J.
This is an action of contract to recover on a promissory note upon which defendants Alice G. Worthen and Walter E. Grignon are endorsers and Mary Spivack is the maker. The answer is general denial, payment and denial of due notice of dishonor. The trial court found for the defendants Mary Spivack and Walter E. Grignon, but why does not appear. The note in action was as follows:
$100.00 May 16,1935
On demand I promise to pay to the order of Fanny Herman 63407 One Hundred — 00/100 Dollars at
the rate of $2 per week at 113 Somerville Ave., Somerville.
(signed) Mary Spivack
*350 Value received No Due
Endorser Alice Gr. Worthen
103 Youle St. Melrose, Mass.
Walter E. Gfrignon 382 Columbia Rd. Dor.
There was evidence tending to show that Alice Gf. Worthen signed the note as an endorser; that on the fifteenth day of July, 1935 a notary public made demand for payment of the said note at 113 Somerville Avenue, which place was the place of payment named in the note and also the place of business of defendant Spivaek. Thereupon, due notice of non-payment was sent by mail prepaid to Mary Spivaek, Alice Gf. Worthen, first endorser and Walter E. Gfrignon, second endorser.
At the close of the evidence Alice G. Worthen requested the court to rule as follows:
1. The plaintiff cannot recover against the endorser, Alice G. Worthen more than the instalment on the note sued upon in this case which was due at the time the note was protested for non-payment.
2. Where there is no acceleration clause in the note specifying that upon “default in the payment of an instalment the whole sum shall then become due and payable” the plaintiff can only recover for the instalment then due against the endorser, Alice G. Worthen.
3. The defendant, Alice G. Worthen’s liability in this case is the liability of an endorser and within the provisions of G. L. Ch. 107, §§ 86, 89, 93, 112 and all other provisions of said chapter applicable to endorsers.
4. Where there has been a default in payment of instalments on a note an endorser is only liable for the payment of the particular instalment on which demand for payment and notice of dishonor was given, provided there is no so-called acceleration clause in the note.
*351 5. That in a suit on a note payable in instalments only those instalments which are dne and payable can be recovered on and instalments falling due subsequent to the date of the writ cannot be recovered in the case.
6. Upon all the law and evidence produced at the trial the defendant, Alice Gr. Worthen, is not liable for the payment of but one instalment for the following reasons:
a. She is an endorser within the meaning of Gr. L. Ch. 107, § 86, and is entitled to demand on the maker and notice of dishonor to herself for each defaulted payment on the note.
b. That'there was only one demand and one notice of dishonor for the failure of the maker to pay one instalment and she is only liable to pay that one instalment.
The first inquiry is, what was the contract in question. It was a note, but very inartificially drawn; on demand it promised to pay one hundred dollars at the rate of two dollars per week. If the demand had been made immediately after delivery of the note we probably never would have heard of the case. But no demand for payment was made until July 15, 1935, and since the note was payable on demand at the rate of $2.00 a week, there was then due upon it the sum only of $2.00 so far as the endorsers were concerned. The note could have been presented for payment immediately after it was delivered, when the $2.00 would have become due each week, and, upon proper proceedings, a weekly payment could have been demanded, and, if not paid, an action could have been brought for the payments then due against the maker; and, if $2.00 was not paid, then, upon due protest, this defendant would have been liable for each week protest was duly made. A right of action accrued against the endorsers as each payment became due upon proper notice and demand. Heywood v. Perrin, 10 Pick. 228, 231; Vinton v. King, 4 Allen 562; Westminister National Bank v. Graustein, 270 Mass. 565, 587.
*352 The proviso that the note should be paid at the rate of $2.00 per week is a binding one and not so repugnant to the word “demand” as to cause any variation in the terms of the note. Heywood v. Perrin, supra. And such construction may be placed upon the note without reading into it any inconsistency. We do not think the cases of Merrill v. Boston, 186 Mass. 220 and Franklin Savings Bank v. Reed, 125 Mass. 367, apply to the case at bar.
We have then a note payable at the rate of $2.00 ,per week with no liability upon the part of this defendant for any weekly payment for which demand was not duly made upon the maker of the note and due notice of non-payment given this defendant. G. L. Ter. Ed. Ch. 107, § 29. The demand, having been made within sixty days, was within a reasonable time and sufficient to support an action for the $2.00 then not paid and due. Merrill v. Jackson, 181 Mass. 69. No agreement or usage is pertinent to change the provision to pay $2.00 per week that is to accelerate the payments and bind the parties to pay otherwise than as provided in the note. Mechanics Bank v. Merchants Bank, 6 Met. 13.
As to the demand, the notarial certificate was sufficient to warrant the trial judge in finding a demand was made sufficient to hold the defendant Worthen for the instalment at the time due. G. L. Ter. Ed. Ch. 107, §§ 93 and 97. City National Bank v. Adams, 266 Mass. 239. The provisions of G. L. Ter. Ed. Ch. 107, § 172, have been complied with as to> the non-payment of the $2.00 only, so that the defendant Worthen can be held only for this sum, but cannot be held responsible for other weekly instalments that had not been paid and of the non-payment of which she got no notice. Fitchburg Insurance Co. v. Davis, 121 Mass. 121, 124. The* case last cited, at page 124, is also authority for the statement that, although the demand related to the non-payment of instalments which came due weekly, the demand is insuffi *353 cient as to any, other than the two-dollar payment that became due then.
Gr. L. Ter. Ed. § 139 which provides “Where due notice of dishonor by non-acceptance has been given, notice of subsequent dishonor by non-payment is unnecessary unless in the meantime the instrument has been accepted” does not in our opinion apply to this action. The word “non-acceptance” therein used implies the existence of a contract which must be accepted before it becomes binding. We have no such contract in this case.
As to the notarial certificate that the demand was made for payment at the place specified in the note we do not understand it is claimed the defendant failed to receive the notice of dishonor. The trial judge, therefore, rightly found that demand was duly made and, no payment having been made that the note was duly protested for non-payment. The notary exhibited the note for non-payment at the place named in the note. The notary’s certificate says he had the note at the point of presentation, and we see no failure to conform to the requirements of Gr. L. Ter. Ed. Ch. 107, §§ 93 and 97 in reference to presentment and demand of the note for payment.
We do not understand any presentment of the note was required other than upon the maker thereof in order to hold the endorsers. The presentment for payment was made at the place specified in the note, as required by § 96 of Ch. 107 of the G. L. Ter. Ed., and, from the notarial certificate, it appears that the notary who made the demand had the note with him. He could not exhibit it because there was no one there to whom he could exhibit it. There is nothing in the statute that required a demand to be made upon the defendant for payment of the note. All this defendant was entitled to was notice of the non-payment and we do not understand this to be denied.
*354 Our conclusion, therefore, is that the plaintiff is entitled to recover of the defendant Alice Gr. Worthen the sum of $2.00 with interest from the 15th day of July, 1935.
We think, therefore, that the plaintiff’s requests should have been allowed and a finding will be ordered for the plaintiff in the sum of $2.00 with interest from the 15th day of July, 1935 and the finding for plaintiff will be modified to this extent.