ANNA S. BLAND *v.* ELLIK NIRENSTEIN ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, JS.

Argued June 9—decided July 21, 1939.

*John W. Joy,* with whom was *Henry J. Goldberg,* and, on the brief, *Jacob Schwolsky,* for the appellants (defendants).

*Aaron Nassau,* with whom, on the brief, were *Louis B. Rosenfeld* and *Francis P. Rohrmayer,* for the appellee (plaintiff).

AVERY, J. This case has been previously before this court and is reported as *Bland* v. *Bregman,* 123 Conn. 61, 192 Atl. 703. Upon the former appeal it was determined that the plaintiff was not estopped from claiming that the garage built upon the defendants' land encroached upon her property and that if such an encroachment was found to exist the plaintiff would be entitled to injunctive relief. The case was remanded for a new trial. At the second trial the court, after hearing the evidence produced by the parties and after having viewed the premises, found: (a) that the garage of the defendants encroached upon the plaintiff's property at its northwest corner a distance of eight and one-half inches and at its southwest corner a distance of six and one-half inches and that a portion of the northerly and southerly walls of the defendants' garage, a portion of a chimney thereon, two pilasters in the westerly side, portions of the iron trusses which support the roof and a portion of the roof encroached upon the plaintiff's property for the distances indicated; (b) that the sewer system and roof drainage system used in connection with the defendants' garage leads into the system which serves the plaintiff's garage and is located on the plaintiff's property. The trial court accordingly entered judgment for the plaintiff.

The principal question presented on this appeal is whether the trial court was correct in fixing the boundary line between the properties. The defendants have asked for numerous corrections and additions to the finding, in effect that this court retry the case upon the facts and make a finding that accords with the testimony given by the defendants' witnesses and inferences which the defendants claim therefrom. Such a request is improper, *Ricci* v. *Naples,* 108 Conn. 19, 23, 142 Atl. 452, and no correction is permissible by which the defendants' position will be materially im-

proved. From the finding of the court it appears that the plaintiff's and defendants' properties are within the bounds of a thirteen-acre tract conveyed by Henry Perkins to William H. Squire, March 30, 1848. This land was bounded north by Park Street, east by Washington Street, south by Ward Street and west by land of Samuel Stearns. After acquiring the property, Squire started to develop it in one hundred foot lots and later the lots fronting on Park Street were divided into fifty foot lots. In 1850 Squire conveyed the northwest portion of the property acquired by him to Benjamin Vibbert and described the land as follows: "North by Park Street, one hundred feet; east and south by land of the grantor; and west by land of Samuel Stearns; running so far south to include one-half acre of land; and that is about two-hundred eighteen feet deep." The easterly parcel of this tract, fifty feet by two hundred and three feet more or less, is now the plaintiff's property. The westerly parcel is owned by the Union and New Haven Trust Company. The westerly boundary of the plaintiff's property is well established and has not been in dispute for, at least, fifty years. The defendants' property is immediately east of that of the plaintiff and both properties front on Park Street. Both parties produced competent civil engineers at the trial, each of whom described what in his opinion was the true boundary between the properties. None of their conclusions were in agreement. The boundaries as fixed and determined by the engineers produced by the plaintiff coincided substantially with the fences existing upon the property at the present time and with the evidence as to the previous location of the fences. The engineers produced by the defendants reached a different conclusion. We have thus a clear case of conflicting evidence upon which the finding of the trial court is conclusive. *Tide-*

*water Oil Sales Corp.* v. *Shimelman,* 114 Conn. 182, 184, 158 Atl. 229; *Kudla* v. *Pignone,* 119 Conn. 204, 206, 175 Atl. 469. The finding of the trial court that the drain and the water from the roof of defendants' garage is connected without right into the drainage system upon plaintiff's land cannot be successfully attacked and must stand.

There is no error.

In this opinion the other judges concurred.