### STATE OF CONNECTICUT *v.* THOMAS RICCI

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 7-9382

Argued May 13—decided September 3, 1963

*John F. Papandrea,* of Meriden, for the appellant (defendant).

*Morton H. Greenblatt,* assistant prosecuting attorney, for the appellee (state).

LEVINE, J. The defendant was found guilty in a trial to the court under an information in two counts, the first count charging "failure to stop at school

bus" in violation of § 14-279 of the General Statutes, and the second count, "failure to grant right of way to pedestrian" in violation of § 14-300. His assignment of errors as to both counts is based on the court's conclusion that upon all the evidence the defendant was guilty beyond a reasonable doubt.

The evidence discloses that the defendant drove out of the entrance of Platt High School, in Meriden, turned right on Coe Avenue and proceeded easterly in the same direction in which the school bus had been traveling. The bus had stopped on Coe Avenue at its intersection with Peacock Drive to discharge school children. One girl passenger had alighted from the bus, gone past its front end, intending to cross Coe Avenue, and while on a marked crosswalk was struck by the car operated by the defendant, the point of impact being in the westbound lane of Coe Avenue. The bus driver had checked the flashers and stoplights before leaving the garage the morning of the day of the accident, and when he stopped at the intersection of Coe Avenue and Peacock Drive the red blinker light on his dashboard indicated that the flashers were operating. The red blinker light on the dashboard is designed to inform the driver of the operation or nonoperation of the flashers. The police officer who arrived on the scene very shortly after the accident saw the flashers and stoplights working on the front of the bus, and as he left the scene after his investigation of the accident he saw the rear flashers and stoplights working, these being the lights facing the direction in which the defendant was driving. The defendant, at the scene, stated he skidded as he applied his brakes and thought that he did not have to stop for a school bus which was loading. The defense was that the rear signals were not on at the time the defendant passed the bus. Whether the stoplights and flashers were on at the time is a question of fact and as such it may

be established by any relevant evidence, direct or circumstantial, or by any inference reasonably drawn from other competent facts established.

We do not evaluate the evidence but determine as a question of law whether there is evidence to support the conclusion of guilt. It is not the function of the appellate court to substitute its judgment on the facts for that of the trial court. *Berkowitz* v. *Kasparewicz,* 121 Conn. 140, 144; *Kudla* v. *Pignone,* 119 Conn. 204, 206. The court, having heard and seen the witnesses, has a right to determine what credence and weight it shall give to them and to all or any part of their testimony. The court is the final judge of the credibility of witnesses and the weight to be accorded their testimony. *Altman* v. *Hill,* 144 Conn. 233, 238; *State* v. *Coulombe,* 143 Conn. 604, 608; *Morgan* v. *Hill,* 139 Conn. 159, 161; *Allis* v. *Hall,* 79 Conn. 322, 340. There was ample evidence from which the court could find that the flashers and stoplights were operating at the time and from which it could draw a conclusion of guilt beyond a reasonable doubt as to the count of "failure to stop at school bus."

Section 14-300, entitled "Pedestrians," provides in subsection (a) that the traffic authority shall have the power to designate crosswalks and intersections by appropriate markers; subsection (b) provides for the use by pedestrians of intersections at which control signals are placed or which are controlled by police officers. The third sentence of subsection (b) provides that a pedestrian moving across the highway on a "Walk" signal or on a crosswalk on a green or "Go" signal shall have the right of way over all vehicles.

A criminal statute, being penal, is to be construed strictly. *Daggett* v. *State,* 4 Conn. 60, 63. "All statutes, whether remedial or penal, should be con-

strued according to the apparent intention of the legislature, to be gathered from the language used, connected with the subject of legislation, and so that the entire language shall have effect, if it can, without defeating the obvious design and purpose of the law. And in doing this, the application of common sense to the language, is not to be excluded. . . . This rule is not inconsistent with the principle, that penal statutes are to be construed strictly. By this is meant only, that they are not to be so extended, by implication, beyond the legitimate import of the words used in them, as to embrace cases or acts not clearly described by such words, and so as to bring them within the prohibition or penalty of such statutes." *Rawson* v. *State,* 19 Conn. 292, 299.

Section 14-300 (b) provides that a "pedestrian started or starting across the highway on a 'Walk' signal or on any . . . [marked or unmarked] crosswalk on a green or 'Go' signal shall have the right of way over all vehicles." There is no evidence in the instant case which indicates that there was a "Walk" or "Go" signal at the intersection of Coe Avenue and Peacock Drive, or that there was control of the traffic by a police officer. The stoplights and flashers on the school bus are not the type of signals specified in § 14-300. The court's conclusion that the defendant was guilty of violating § 14-300 was therefore erroneous.

There is no error as to the first count; there is error as to the second count; the case is remanded with the direction to modify the judgment as to the second count to adjudge the defendant not guilty on that count.

In this opinion PRUYN and KOSICKI, Js., concurred.