[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (113)
This is an action based upon a claim of default in payment on a promissory note and to foreclose a mortgage securing the note.
The pleadings having been closed plaintiff has moved for summary judgment. On motion for summary judgment the rule requires that judgment shall be rendered if the pleadings, affidavits and other proof submitted show no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Conn. Practice Bk. Section 384 (1963); Burns v Hartford Hospital, 192 Conn. 451, 455 (1984). For purposes of summary judgment, a "material" fact is one which will make a difference in the result of the case. Catz v. Rubenstein,201 Conn. 39, 48 (1986). Under summary judgment, the court is not to decide issues of fact but to determine whether any such CT Page 9338 issues exist. Telesco v. Telesco, 187 Conn. 715, 718 (1982).
The movant has the burden of proof in showing the absence of any material facts and any ambiguity will be read in favor of the adverse party. Evans Products Co. v. Clinton Bldg. Supply, Inc., 174 Conn. 512, 516 (1978).
The issue presented here is whether or not a proper demand was made upon defendants. A review of a copy of the note in question submitted in connection with the motion indicates that ". . . at the option of the holder hereof, the whole of this note shall immediately become due and payable." The note contains no waiver of this provision.
The acceleration clause in this note is not self-executing but merely confers on the holder an option to declare the entire debt on default. Berkowitz v. Kasparewicz,121 Conn. 140, 145 (1936).
"The general rule is that where the acceleration of the maturity of a mortgage debt on default is made optional with the mortgagee some affirmative action must be taken by him evidencing his election to take advantage of the accelerating provision, and that until such action has been taken the provision has no operation." City Savings, Bank of Bridgeport v. Dessoff, 3 Conn. App. 644, 649 (1985).
Plaintiffs have filed an affidavit indicating that plaintiff Richard Lobuglio caused his attorney to notify defendant of an election to exercise the option for acceleration in the note and to demand payment in full of the whole amount due.
Defendant Jane Digorgio has filed an affidavit stating she did not receive such notice. It is noted that plaintiffs' affidavit does not state that notice was given. In this case there is a question of material fact and the motion cannot be granted.
Accordingly the motion for summary judgment is denied.
Purtill, J.