ANDERSON v. DETROIT MOTORBUS CO.

1. NEGLIGENCE — MOTOR VEHICLES — CONTRIBUTORY NEGLIGENCE — COMPLYING WITH STOP ORDINANCE.

An automobile driver who stopped his car opposite the traffic sign, 40 feet back from the street line, substantially complied with an ordinance requiring vehicles to come to a complete stop before entering or crossing said street.

2. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether an automobile driver, who saw a motorbus approaching from the west more than half a block away, was guilty of contributory negligence in entering the street and attempting to make a left turn, when his car was struck by the motorbus, which suddenly swerved toward

¹Highways, 29 C. J. § 415 (Anno); ²Id., 29 C. J. § 434; Negligence, 29 Cyc. p. 633.

the middle of the street instead of continuing on the north side, *held*, for the jury, in view of the fact that he had a right to assume that the motorbus would slow down if the connection proved to be close, that it would observe the speed ordinance, and that it would travel on the north side of the street, all of which, the evidence shows, it failed to do.

3. SAME—CONTRIBUTORY NEGLIGENCE OF PLAINTIFF STANDING ON RUNNING BOARD.

Whether plaintiff, in an action for personal injuries, who was struck and injured by a motorbus while standing on the running board of an automobile, was guilty of contributory negligence in so riding and in failing to step off and avoid the injury, *held*, a question for the jury.

4. APPEAL AND ERROR—ARGUMENT OF COUNSEL.

Where, in an action against the owner of a motorbus for personal injuries caused by a collision between the motorbus and an automobile, during the argument of plaintiff's counsel a dispute arose as to some point of which the driver of the motorbus had knowledge, his statement that the driver of the motorbus was not here, and that it could be inferred that if he were here he would not make the situation any better, *held*, not error, in view of the fact that the driver of the motorbus was a very important witness, and his absence was not explained.

5. DAMAGES—EXCESSIVE VERDICT—LOSS OF LEG.

A verdict for $10,000 for injuries resulting in the loss of a leg just below the knee cannot be said to be excessive, where plaintiff was 32 years of age, and was earning about $50 a week.

Error to Wayne; Moynihan (Joseph A.), J.   Submitted April 28, 1927.   (Docket No. 60.)   Decided June 6, 1927.   Rehearing denied July 29, 1927.

Case by Walter Anderson against the Detroit Motorbus Company and another for personal injuries. Judgment for plaintiff.   Defendants bring error. Affirmed.

---

[3]Highways, 29 C. J. § 429; Negligence, 29 Cyc. p. 640; [4]Appeal and Error, 4 C. J. § 2938; Trial, 38 Cyc. p. 1491; [5]Damages, 17 C. J. § 439; L. R. A. 1915F, 30; 8 R. C. L. 674; 2 R. C. L. Supp. 638; 5 R. C. L. Supp. 480; 6 R. C. L. Supp. 521.

*Kerr, Lacey & Scroggie,* for appellants.

*Bresnahan & Groefsema* (*Daniel H. Cronin,* of counsel), for appellee.

BIRD, J.    A crew of repair men in a five-passenger Buick, employed by the Detroit City Gas Company, was moving from one job to another in the city of Detroit, on the forenoon of September 25, 1925.    In doing so they had occasion to go down Buckingham street, which intersects with Jefferson avenue at right angles in Grosse Pointe Park.    The Jefferson avenue pavement at that point is 50 feet wide.    Forty feet from the intersection there is a large stop sign painted on the pavement on Buckingham street.    On the occasion in question, the driver stopped at this sign. When he did so he looked in an easterly direction, and, while there were some obstructions, he saw one of defendant's motorbusses half a block away coming west on the north side of the street.    Desiring to make a left-hand turn onto Jefferson avenue, he concluded he had time to clear the motorbus.    He started up and got as far as the middle of Jefferson avenue when the motorbus, within 20 feet of the Buick, suddenly swerved to the middle of the street and struck the automobile amidship..    Plaintiff was standing on the left running board of the automobile.    The second time the motorbus struck, she caught plaintiff's left leg and injured it so severely that it had to be amputated just below the knee.    The principal items of negligence alleged and relied on by plaintiff were a violation of the ordinance of the village of Grosse Pointe Park restricting the speed of motorbusses to 15 miles an hour; the failure of the motorbus driver to drive on the north side of the street instead of diverting the motorbus to the middle of the avenue where it was in line with the Buick automobile.    The trial resulted in a verdict for plaintiff of $10,000, and defendants assign error.

Defendant's Negligence.   Defendant does not contest the question of its own negligence.   Therefore, no consideration need be given to that question. .

Negligence of the Buick Driver.   Defendants say that the driver of the Buick was guilty of contributory negligence because he stopped where the sign was located on Buckingham street instead of at the street line, and cite the following ordinance of Grosse Pointe Park in support of it:

"SECTION 2.   It shall be unlawful for any driver or operator of any vehicle to enter or cross any through traffic street without first having come to a complete stop before entering or crossing said street."

This may be a debatable question of fact.   By stopping 40 feet back from the street line, one would start his automobile on the intersecting street and in line with the traffic.   If one ran up to the street line he would be obliged to start his car on the through route at right angles with traffic, and, therefore, be more likely to interfere with passing vehicles. Furthermore, we are inclined to the belief that when one stops his car opposite the traffic sign he has substantially complied with the ordinance.

It is further said the Buick driver saw the motorbus coming at a rate of 30 miles an hour, and that he ought not to have attempted to cross until the motorbus had passed.   The intersection was first reached by the Buick, which had the right of way (*Pline* v. *Parsons,* 231 Mich. 466; Huddy on Automobiles [7th Ed.], pp. 295-296), and, as the motorbus was then more than half a block away, he felt he had a right to make his entry into Jefferson with safety (*Pline* v. *Parsons, supra*), and besides, he had a right to assume, as he had entered the intersection first, that the motorbus would slow down if the connection proved to be a little close.   37 A. L. R. 484.   The Buick driver also had a right to assume that the motorbus

would observe the ordinance which fixes the maximum speed of the motorbus at 15 miles an hour. The Buick driver had a right to assume that the motorbus would travel between the north street car track and the curb, and, had it done so, the proofs show that the accident would not have occurred. *Brown* v. *Mitts*, 187 Mich. 469. The proof shows that when the motorbus was within 20 feet of the Buick it swerved to the left onto the street car track in line with the Buick. These and other incidents were for the jury, and they had a right to consider them in determining whether the driver of the Buick was guilty of contributory negligence.

But counsel say that even though the driver of the motorbus were guilty of negligence in approaching at the rate of 30 miles an hour, when the Buick driver saw it approaching at that speed he should have done what he could to avoid a collision, and, if he did not, he was guilty of contributory negligence notwithstanding the negligence of the defendant. This principle of law was applied in *Deal* v. *Snyder*, 203 Mich. 273. But that was a very different case. The Buick driver had very little time to consider the question. Had the motorbus kept on in its course there would have been no collision. The proof shows that the driver swerved the motorbus into the middle of the street when only 20 feet away. Possibly the Buick driver should have done something to avoid the collision. If he should, it was for the jury to determine what it was and whether he had time to do it.

Contributory Negligence of Plaintiff. Most of the foregoing discussion applies to the claim that plaintiff was guilty of contributory negligence. One additional claim is made, however, that plaintiff was guilty of contributory negligence because he was riding on the running board, and that he might have avoided injury by stepping off. The five seats in the Buick were

taken by other workmen, and he had ridden some distance in an uncomfortable position, and he desired to rest himself for a time, so he got out and rode upon the running board. As he stood there on the running board, he was watching traffic coming from the west, and the driver of the Buick was watching traffic coming from the east. It is within the province of a jury to say whether plaintiff, under such circumstances, might have stepped off and avoided the injury, but the court cannot say so as a matter of law.

Improper Argument of Plaintiff's Attorney. While counsel for plaintiff was addressing the jury he was evidently interrupted by counsel for the defense, and they fell to disputing on some point which the driver of the motorbus had knowledge of (although the record does not show what it was), and plaintiff's counsel observed that:

"Now, the driver of the motorbus is not here, and I think we can infer that if he were here he would not make the situation any better."

We are unable to see any error in this observation, as the driver of the motorbus was a very important witness, but was not present, and his absence was not explained.

Was the Verdict Excessive? The proof shows that plaintiff is a young man, 32 years of age, and that he was earning about $50 a week. The verdict is not so excessive that we feel we should interfere with the conclusion of the jury.

There are other assignments of error raised, but we have considered them and are persuaded that they are not well taken.

The judgment of the trial court is affirmed.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.