BREGER *v.* FEIGENSON BROTHERS CO.

1. MASTER AND SERVANT—NEGLIGENCE OF SERVANT—DISOBEDIENCE TO EMPLOYER'S INSTRUCTIONS.

That truck driver was acting in disobedience to employer's instructions is no defense to action against latter for driver's negligence, where truck was being operated in employer's business.

2. SAME—LIABILITY OF EMPLOYER FOR SERVANT'S NEGLIGENCE.

   If truck driver committed tort in course of his employment, employer may be liable even though ignorant thereof, and driver, in committing it, exceeded his authority and disobeyed employer's express instructions.

3. SAME—DISOBEDIENCE TO EMPLOYER'S INSTRUCTIONS—ESTOPPEL.

   In action against employer for negligence of its truck driver, testimony from which it might be inferred that, though driver disobeyed positive and express general instructions of employer, he was following course of conduct sanctioned by it in conduct of its business, *held*, sufficient to take case to jury.

4. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INFANTS.

   In action for negligently causing death of 15-year old boy, jury has right to consider his age, experience, and intelligence in determining whether he was guilty of contributory negligence.

5. MOTOR VEHICLES—NEGLIGENCE—EXCESSIVE SPEED IN TURNING CORNER.

   Fifteen-year old boy, who was thrown from truck when it made left-hand turn around corner, was not bound to anticipate that driver would make turn at unlawful rate of speed.

6. SAME—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   Contributory negligence of 15-year old boy, who was thrown from truck when it made left-hand turn around corner at alleged excessive speed, *held*, question for jury, under evidence.

7. SAME—MASTER AND SERVANT—SERVANT'S AUTHORITY TO EMPLOY.

   In action against truck owner for death of 15-year old boy, who was thrown from truck and killed when it went around corner at alleged excessive speed, trial court did not err in refusing to direct verdict for defendant, on ground that its driver had no authority to employ decedent, where it appeared that he had previously ridden on truck, helped to carry cases, and watched truck.

8. SAME—GUEST PASSENGER—TRESPASSER.

   In action against truck owner for negligence of its driver in causing death of 15-year old boy who was thrown from truck when it went around corner at alleged excessive speed, testimony *held*, to justify inference that decedent was neither guest nor trespasser.

Appeal from Wayne; Campbell (Allan), J. Submitted January 6, 1933. (Docket No. 46, Calendar No. 36,903.) Decided June 29, 1933.

Case by Albert Breger, administrator of the estate of Leonard Breger, deceased, against Feigenson Brothers Company, a Michigan corporation, for personal injuries resulting in the death of plaintiff's decedent, alleged to be due to negligence of driver of defendant's truck. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*John H. Dohrman,* for plaintiff.

*Walter Schweikart* and *Julien Winterhalter,* for defendant.

POTTER, J. This is an action for damages against defendant brought by Albert Breger as administrator of the estate of Leonard Breger, 15 years of age, for his death, which occurred June 19, 1930. On June 19, 1930, Frank Abraam, an employee of defendant, was driving an empty Packard stake truck to the railroad tracks, at Theodore and DeQuindre streets, in Detroit, where he was to unload ginger ale from a freight car. He had with him another co-employee and also took on a boy at the corner of Orleans street. When he arrived at Forest and St. Aubin avenues, he saw decedent, Leonard Breger, in the rear of the truck. He had ridden on the truck and helped carry cases of pop and empties, and watched the truck, before that time. At Hancock avenue defendant's agent, Abraam, says he looked back and did not see decedent. The truck made a left-hand turn into Theodore street and stopped. Decedent was found lying next the truck, injured, from the effects of which injuries he later died.

There was conflicting testimony as to the rate of speed at which the truck made the turn. It was variously estimated at from 10 to 30 miles an hour. Decedent was standing with his feet between the slats attached to stakes of the sides of body of the truck, and as the truck swung around, he was thrown to the ground and injured. Defendant introduced testimony to show that Abraam, the driver of the truck, had no authority to employ decedent, or to permit riders on the truck, and had specific instructions to that effect. Defendant made a motion for a directed verdict at the close of plaintiff's case, and at the close of all the proofs. These motions were denied, the case submitted to the jury, and a verdict for plaintiff rendered for $1,000. The court reserved its decision on the question of decedent's contributory negligence under the Empson act (3 Comp. Laws 1929, § 14531 *et seq.*). Subsequently a motion for judgment, notwithstanding the verdict, was made by defendant, denied by the court, and judgment entered on the verdict. Defendant appeals, contending plaintiff's decedent was guilty of contributory negligence; defendant's truck driver had no right to employ or permit plaintiff's decedent to ride thereon; plaintiff's decedent was either a guest or a trespasser on the truck, and in either case gross, wilful, and wanton negligence would have to be proven.

There is no doubt defendant Frank Abraam was operating the truck in defendant's business, and not in his own private business; and it is no defense that the driver of defendant's truck, Abraam, was acting in disobedience of defendant's instructions. *Loux* v. *Harris,* 226 Mich. 315. If defendant's driver, Abraam, committed a tort in the course of his employment, defendant may be liable even

though ignorant thereof, and Abraam, in committing it, exceeded his authority and disobeyed the express instructions of defendant. *Loux* v. *Harris, supra; Eterna* v. *Dodge,* 239 Mich. 421; *Riley* v. *Roach,* 168 Mich. 294 (37 L. R. A. [N. S.] 834); 2 C. J. p. 848. There was testimony from which the jury could draw a legitimate inference that though defendant's agent, Abraam, disobeyed the positive and express general instructions of defendant, he was following a course of conduct sanctioned by it in the conduct of its business. This was sufficient to carry the case to the jury upon this question. Decedent, prior to the injury, was standing on the movable sidegate of defendant's truck, and was thrown and injured. He was a boy 15 years of age, and the jury had a right to consider his age, experience, and intelligence in determining whether he was guilty of contributory negligence. *Easton* v. *Medema,* 246 Mich. 130; *Thornton* v. *Ionia Free Fair Ass'n,* 229 Mich. 1; *Black* v. *Parke, Davis & Co.,* 211 Mich. 274. There was proof which tended to show defendant's agent knew plaintiff's decedent was riding on the truck, and that the driver of the truck went around the corner and upon the railroad tracks at a rate of speed higher than that permitted by law, and, as a result thereof, plaintiff's decedent was thrown to the ground and injured. Plaintiff's decedent was not bound to anticipate defendant's driver would drive the truck around the corner at an unlawful rate of speed. *Black* v. *Parke, Davis & Co., supra.* The question of decedent's contributory negligence was for the jury. The court did not err, under the testimony, in not directing a verdict for defendant on the ground defendant's agent had no authority to employ plaintiff's decedent. There was testimony from which the jury could legitimately infer

plaintiff's decedent was neither a guest nor a trespasser.

Judgment affirmed, with costs to appellee.

SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred with POTTER, J. McDONALD, C. J., and CLARK and WIEST, JJ., concurred in the result.