BROOKS HENSLEY, by His Next Friend, W. B. HENSLEY, v. E. L. BRIGGS.

(Filed 9 March, 1949.)

**1. Automobiles §§ 15, 20a—**

Negligence on the part of the rider ordinarily will not be imputed to a guest passenger on the bicycle who has no control over its movement.

**2. Automobiles § 22—**

In this action to recover for injuries to a boy riding on a bicycle with the owner, plaintiff's evidence tended to show that the bicycle was being ridden on his left shoulder of the highway and that an automobile operated by defendant, traveling in the opposite direction, was suddenly driven off the hard surface on its right, and hit the bicycle. Plaintiff alleged that defendant saw or by the exercise of reasonable care could have seen the boys on the bicycle and could have avoided the collision by the exercise of reasonable care. *Held:* The granting of defendant's motion of nonsuit was error.

**3. Negligence § 10—**

A guest passenger not amenable to the charge of contributory negligence is not under necessity of invoking the principle of last clear chance.

APPEAL by plaintiff from *Moore, J.,* November Term, 1948, of YANCEY. Reversed.

Suit to recover damages for personal injury resulting from collision between automobile driven by defendant and a bicycle on which plaintiff was riding.

The evidence offered by plaintiff tended to show that the collision occurred on a street in the Town of Burnsville 14 October, 1947, about 8:30 a.m. The defendant was driving his automobile south and the bicycle on which plaintiff was riding at the invitation of Eugene Banks was going north. Banks was pedaling and guiding the bicycle which he owned, and plaintiff had no control over its operation or direction. Plaintiff and Banks were each 14 years of age and on the way to school. The paved surface of the road was 16 feet wide, with firm shoulders on each side 4 feet wide. In order to avoid an automobile driven by J. R. Pate, which passed going in the same direction, Banks had turned his bicycle to the left, and was on the west shoulder 3½ feet from the pavement and within half a foot of the ditch when the defendant coming from the opposite direction suddenly drove his automobile off the pavement and struck the bicycle, breaking plaintiff's leg. At the time defendant was looking back over his shoulder. There was no other car there at the time. Pate's automobile had already passed.

Highway Patrolman Miller described the scene as he saw it immediately after the collision as follows: "The Buick (defendant's automo-

bile) was located 126 feet south of the nearest bridge. The road curved slightly to the right where the automobile was. It was parked 20 or 25 feet in the curve. From the bridge going in the direction the automobile was traveling the highway is straight for approximately 75 feet and then it's a right-hand curve, not too sharp. Approaching the curve traveling south in an automobile visibility is clear and unobstructed 85 feet from the bridge. Beyond the curve and south of the curve the road is slightly upgrade and straight for 400 feet to the place where the highway crests . . . on the road back of the Buick automobile were skid-marks approximately 70 or 75 feet in length on the pavement . . . the right front wheel was about 5 feet off the pavement on the right side."

The court permitted this witness, on cross-examination, to testify, over plaintiff's objection, that defendant (who had not gone on the stand) told him another vehicle traveling north "crowded him and he left the road." However, plaintiff's evidence tended to show that the bicycle was 25 feet north of the crest when Pate's car passed it going north, and that Pate testified he met and passed defendant's automobile at the bridge.

At the conclusion of plaintiff's evidence, defendant's motion for judgment of nonsuit was allowed, and plaintiff appealed.

*W. E. Anglin for plaintiff, appellant.*
*Smathers & Meekins for defendant, appellee.*

DEVIN, J. Without undertaking to discuss in detail the evidence hereinbefore summarized, or to express opinion as to its weight, we think the plaintiff's evidence, considered in the light most favorable for him, was sufficient to carry the case to the jury, and that the judgment of nonsuit was improvidently entered.

According to plaintiff's view he was at the time of his injury a guest passenger on Banks' bicycle, without power to control its movement, and hence negligence on Banks' part, if any, would not be imputable to him, and he would not be barred of recovery for defendant's negligence unless the negligence of Banks were the sole and only proximate cause of the injury. *Mason v. Johnston,* 215 N.C. 95, 1 S.E. 2d, 379; *Gaffney v. Phelps,* 207 N.C. 553, 178 S.E. 231; *Newman v. Coach Co.,* 205 N.C. 26, 169 S.E. 808; *Gaines v. Campbell,* 166 S.E. (Va.) 704; *Johnson v. Shattuck,* 125 Conn. 60; 172 A.L.R. 736. Defendant suggests that plaintiff's case is bottomed on the principle of last clear chance, and that he has not pleaded it. *Bailey v. R. R.,* 223 N.C. 244, 25 S.E. 2d 833; *Redmon v. R. R.,* 195 N.C. 764, 143 S.E. 829; *Hudson v. R. R.,* 190 N.C. 116, 129 S.E. 146. But we note it is alleged in the complaint that defendant saw or by the exercise of reasonable care could have seen the boys on the bicycle and could have by the exercise of reasonable care avoided

the collision, and that defendant neglected and failed to take any precaution whatever to avoid the collision. Furthermore, according to plaintiff's evidence, if he was being transported as a guest passenger and not amenable to the charge of contributory negligence, he would not be under necessity of invoking the principle of last clear chance. However, these are matters which, if they arise on another hearing, will be more accurately presented and determined when all the evidence has been heard.

Judgment of nonsuit is

Reversed.