RICHARDSON ET AL. *v.* STATE, USE OF COX
RICHARDSON ET AL. *v.* COX, ADMINISTRATOR
(Two Appeals in One Record)

[No. 50, October Term, 1953.]

*Decided December 10, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Julius G. Maurer,* with whom were *G. Howlett Cobourn* and *Bossard & Dreher* on the brief, for the appellants.

*Michael P. Crocker,* with whom were *Jesse Slingluff, Jr., William S. James* and *Piper & Marbury* on the brief, for the appellees.

DELAPLAINE, J., delivered the opinion of the Court.

These two suits were instituted in the Circuit Court for Harford County to recover damages for the death of Joe Lewis Cox, age 17, on July 13, 1951, when he was accidentally thrown from a 1942 Dodge pick-up truck owned by Clarence Mack Richardson and operated by his son, Clarence Mack Richardson, Jr.

The accident happened at a road intersection between Bel Air and Rocks. Young Richardson, who also was about 17, invited Cox, who was six feet tall and weighed over 200 pounds, to accompany him in the truck to the swimming pool at Rocks. After a half hour at the pool, the boys decided to drive to the home of Victor and Riley Campbell to bring them to the pool. Wearing only their bathing trunks, they drove to the Campbell home about five miles away. Victor got into the driver's seat with Richardson. Riley went with Cox in the body of the truck, which had a 2-foot metal sideboard on each side. The four boys then started off for the pool. It was a bumpy ride in the small truck over a gravel road, which stretched for three miles and a half from the Campbell home to the intersection where the acci-

dent occurred. Before they had gone far, Riley was bothered by the sawdust flying around from the floor of the truck, so he moved into the cab, leaving Cox alone in the rear. When Richardson reached the intersection, he turned without stopping into the macadamized highway. Hearing a thud, he promptly stopped. A short distance back of the truck Cox was lying on his back quivering. He died before the arrival of the state trooper thirty minutes later.

One suit was brought in the name of the State of Maryland under Lord Campbell's Act, Code 1951, art. 67, for the use of Munsey O. Cox, the boy's father, to recover for loss of services. The other suit was brought by the father, as administrator, to recover funeral expenses. Defendants are the owner and the driver of the truck. The owner of the truck had signed an assumption of responsibility for negligence in his son's application to the Commissioner of Motor Vehicles for an operator's license.

The cases were removed to the Circuit Court for Baltimore County, where they were tried before a jury. At the close of the testimony the trial judge overruled defendant's motions for directed verdicts. In the suit for loss of services, the jury rendered a verdict in favor of plaintiff for $3,500. In the suit for funeral expenses, the jury awarded plaintiff $490. The judge overruled defendants' motions for judgments n.o.v., and entered judgments on the verdicts of the jury. From those judgments defendants appealed.

First, it was contended that there was no evidence of negligence on the part of Richardson legally sufficient to warrant submission of the cases to the jury. It was urged that he was not driving at an excessive speed when Cox was thrown off the truck. Stress was put on his testimony that when he turned into the macadamized highway, he was driving at the rate of about "5 or 10 or 15 miles an hour." However, Victor Campbell testified that Richardson was driving at that time at a speed of 15 or 20 miles an hour. The Maryland law

commands that an operator of a motor vehicle entering a paved highway from an unpaved highway shall come to a full stop upon reaching the intersection, and yield the right of way to all vehicles approaching on such paved highway. Code 1951, art. 66½, sec. 199. The jury could believe that Richardson was driving in the intersection at a speed of 15 to 20 miles an hour, and that such speed was excessive when he was turning from the gravel road into the hard-surface highway, especially since the truck was small and Cox may have been sitting on the 2-foot sideboard.

Moreover, Richardson admitted that he did not warn Cox that he was going to turn into the highway. The jury could find that Richardson was guilty of negligence in turning rapidly and unexpectedly into the highway without giving Cox any warning. Kenneth Mull, a soldier stationed at Fort Meade, testified that he met Richardson in Bel Air on the day after the accident, and asked him how the accident happened, and that he replied as follows: "He said they went through there lots of times swimming up to the Rocks and all the time they went up there they went right straight through this intersection. So he said he decided to go through the other way at that time. * * * He made a right-hand turn and Joe wasn't expecting him to make a turn there, and it threw him out of the truck when he made the turn because Joe was used to going straight through." The jury could find that it would be natural for Cox to expect that Richardson would follow that custom, and therefore Richardson, in taking a different course without giving any warning to Cox, failed to use sufficient care for Cox's safety, although he claimed that he had not driven Cox more than once or twice over the gravel road.

Secondly, defendants contended that Cox was guilty of contributory negligence as a matter of law. Generally speaking, the fact that an occupant of a motor vehicle rides in an unusual or improper place or position, even though not required to do so, does not necessarily con-

stitute contributory negligence, but the question depends upon the facts and circumstances of each particular case, and on what a person of ordinary prudence would do under the same or similar circumstances. We accept the rule that a passenger in a motor vehicle who, without some reasonable necessity or excuse, rides in a place or position which he knows, or in the exercise of ordinary care ought to know, exposes him to danger, is ordinarily guilty of contributory negligence, if such conduct contributes proximately to cause his injuries.

A striking illustration of this rule is found in *Earll v. Wichser,* 346 Pa. 357, 30 A. 2d 803, 804. In that case the plaintiff, after attending a picnic in Pennsylvania, rode home on the tailboard of the defendant's truck, although there was ample room to ride in the body of the truck. The tailboard was held in a horizontal position by chains at each end extending to the sides of the truck. The plaintiff faced backwards, with his legs dangling, while the truck was going at a speed of between 40 and 50 miles an hour. While the truck was crossing a bridge, a jolt threw him off. The Supreme Court of Pennsylvania said in that case: "The movable tailboard of the open truck, with its tendency at every bump, however slight, to throw the person seated thereon into the air and go out from under him, was obviously not a safe place on which to ride. If plaintiff had sat in the body of the truck, * * * and grasped its fixed sides, rather than the bouncing tailboard and flexible chain, he would not have fallen off. Plaintiff's action in riding on the unsteady tailboard was, in view of the obviousness of the risk and the ease with which it could have been avoided, an act of negligence concerning which reasonable men can have no difference of opinion."

On the other hand, it is equally true that a passenger in a motor vehicle who rides in an unusual place or position is not guilty of contributory negligence as a matter of law, when he has no reasonable cause to believe that the place or position in which he is riding is any more dangerous than another place or position on the vehicle,

or where the nature of the danger is such as he is not bound to anticipate.

An illustration of this rule is *Kudla v. Pignone,* 119 Conn. 204, 175 A. 469, where the plaintiff and other workmen were riding in a Mack truck. The sideboards of the truck had been removed to facilitate the loading and unloading of bags of sand. The bags were wheeled from a freight car to the truck, and after the truck was loaded the driver started for the storehouse with the plaintiff and three other workmen sitting on the bags. When the driver drove rapidly around a curve, the plaintiff and another man and several bags of sand were thrown over the side of the truck. It was there decided by the Connecticut Supreme Court of Errors that it was not necessarily negligent for the plaintiff to ride on the truck while sitting on the bags.

Another case of this nature is *Rose v. Cartier,* 45 R. I. 150, 120 A. 581, where the driver and another man were sitting in the cab of a Ford truck, while the plaintiff was sitting on the floor in front of the seat with his feet on the running board. While the plaintiff was in this position, the defendant's car, coming from behind, collided with the truck with such force that the plaintiff was thrown from the truck and seriously injured. The Supreme Court of Rhode Island, in affirming the judgment in favor of the plaintiff, stated that the place where he was riding would ordinarily be reasonably safe, and the question of his contributory negligence under such circumstances was for the consideration of the jury and not for the court as a matter of law.

In *Farmer v. Central Mutual Insurance Co. of Chicago,* 145 Kan. 951, 67 P. 2d 511, the plaintiff and his brother were riding on the turtleback of a Chevrolet coupe with their backs against the front seat and their feet braced against a spare tire. There were suitcases under the lid of the turtleback. The coupe collided with a truck, throwing the plaintiff to the ground. The Supreme Court of Kansas held that whether the plaintiff was guilty of contributory negligence was a question for the jury.

In Pennsylvania it is held that a passenger who rides on the running board of a motor vehicle, and is injured through the fault of the driver, is guilty of contributory negligence as a matter of law. *Schomaker v. Havey,* 291 Pa. 30, 139 A. 495, 61 A. L. R. 1241. It has been held in some States that a person who rides on a running board is guilty of contributory negligence as a matter of law if such action is a violation of a statute or ordinance. *Wheeler v. Buerkle,* 14 Cal. App. 2d 368, 58 P. 2d 230. Generally, the question whether a passenger who rides on the running board of a motor vehicle and is injured as a result of the driver's negligence is guilty of contributory negligence depends upon the facts and circumstances of each particular case. *Taylor v. Morgan,* 54 Ga. App. 426, 188 S. E. 44; *Anderson v. Detroit Motorbus Co.,* 239 Mich. 390, 214 N. W. 172.

Thus, in *Baur v. Calic,* 1934, 166 Md. 387, 171 A. 713, this Court held that the question whether a workman was guilty of contributory negligence in riding on the running board of a truck, which was furnished by the employers for the transportation of their employees to and from work, was for the jury to determine, it appearing that there was only one truck, that there was not room for all the workmen in the interior of the truck, and that the workmen were always allowed to ride on the running boards.

*Kirr v. Suwak,* 336 Pa. 561, 9 A. 2d 735, is somewhat analogous to the case at bar. There a crowd of girls had been taken on a trip in a truck. When they were called from a barbecue stand to get back on the truck, they jumped quickly into it. On the way home they were thrown out of the truck as a result of its operation at an excessive speed. The Supreme Court of Pennsylvania held that the girls were not guilty of any contributory negligence.

*Breger v. Feigenson Bros. Co.,* 264 Mich. 37, 249 N. W. 493, presents an even closer analogy. In that case an employee of the defendant was driving a stake truck to the railroad tracks on Theodore Street in

Detroit to unload some cases of ginger ale from a freight car. Leonard Breger, age 15, who had occasionally ridden on the truck and helped the employees to carry cases of bottles, jumped upon the truck while it was en route, and the driver noticed him after he got on. While the boy was standing with his feet between the slats attached to the stakes on the side of the truck, the driver made a left-hand turn into Theodore Street at a speed variously estimated at from 10 to 30 miles an hour, and the sudden turn threw the boy to the ground, and his injuries resulted in his death. Suit for damages was brought by the administrator of his estate, and the jury gave a verdict in favor of the plaintiff. It was urged before the Supreme Court of Michigan that the boy was guilty of contributory negligence. But the Court stated that although he was standing on the sidegate of the truck, he was not bound to anticipate that the driver would drive around the corner at such an excessive speed as to throw him from the truck, and that the jury could consider the boy's age, experience, and intelligence in determining whether he was guilty of contributory negligence.

It is a matter of common knowledge that laborers are often hauled in trucks to their work, and that young people often ride in trucks for pleasure, without being considered as taking undue risks. In the case at bar the victim of the accident was 17 years old, was six feet tall, weighed over 200 pounds, and was strong and athletic. It could, therefore, be reasonably believed that his place and position on the truck were not unusually dangerous as long as it was operated with ordinary care. For these reasons the trial judge acted properly in refusing to hold that Richardson was guilty of contributory negligence as a matter of law.

Finally, defendants objected because the trial judge commented on the doctrine of last clear chance, stating that where both parties are negligent, the one who has the last opportunity to avoid the accident is liable, notwithstanding the negligence of the other. Defendants

argued that there was no evidence that Richardson knew of Cox's danger before he was thrown off, and hence there was no evidence upon which the doctrine of last clear chance could be based.

It is true that a plaintiff, in order to invoke the doctrine of last clear chance, must show that the defendant had knowledge of the peril in which the plaintiff was placed, and that there was time after obtaining such knowledge in which to make the effort to save him from the impending danger. The doctrine cannot be invoked when the plaintiff's own act is the final negligent act. *Maryland Central R. Co. v. Neubeur,* 62 Md. 391, 398; *Congressional Country Club v. Baltimore & Ohio R. Co.,* 194 Md. 533, 71 A. 2d 696; *Baltimore Transit Co. v. Revere Copper & Brass,* 194 Md. 611, 72 A. 2d 4; *Brooks v. Childress,* 198 Md. 1, 81 A. 2d 47; *Domeski v. Atlantic Refining Co.,* 202 Md. 562, 97 A. 2d 313.

We find no reversible error in the judge's instruction. Cox had been riding in the back of the truck for three miles and a half. Victor Campbell testified that, when he looked back while they were passing Richardson's home about a quarter of a mile south of the intersection, Cox was sitting on the sideboard. Richardson said that when he looked back when they were about 100 feet from the intersection, Cox was in a kneeling position. Mull, the soldier from Fort Meade, testified that Richardson told him Cox was sitting on the sideboard. The jury might have found that Cox was negligent in sitting where he was, but that Richardson, although knowing that Cox was in a dangerous position, had the last opportunity to avoid his being thrown from the truck by turning more carefully into the macadamized highway or by giving Cox a warning that he was going to turn.

As we have found no reversible error in the rulings of the trial Court, the judgments entered on the verdicts of the jury in favor of plaintiffs will be affirmed.

*Judgments affirmed, with costs.*