Robert R. RYANS, Plaintiff,

v.

Leonard Wayne BLEVINS, Defendant.

Civ. A. No. 1781.

United States District Court
D. Delaware.

May 3, 1957.

Aubrey B. Lank, Logan, Marvel, Boggs & Theisen, Wilmington, Del., for plaintiff.

John P. Sinclair, Berl, Potter & Anderson, Wilmington, Del., for defendant.

LEAHY, Chief Judge.

This is an action for damages based upon negligence. At the time of institution of suit plaintiff was a resident of Centreville, Maryland.[1] Defendant was a resident of New Castle County, Delaware.[2] The amount in controversy exceeds $3,000 and diversity jurisdiction exists.[3]

1. On February 19, 1955, plaintiff, with his wife, was proceeding in his automobile south on route 313, some distance north of Millington, Maryland.[4] At or about 11:00 P.M.[5] plaintiff stopped to repair a flat tire in the rear of his car.[6] At that point route 313 is a two-lane highway 15 feet wide with black top shoulders on either side 3½ feet wide.[7] Plaintiff's vehicle was parked in the right traffic lane with its left side approximately 3 feet from the center line of the road.[8] By driving another 60 feet, plaintiff's car could have been removed entirely from the highway.[9] After five or ten minutes, plaintiff turned off his parking lights, which were beginning to dim.[10] He loosened and unscrewed the lugs and proceeded to the rear of the car.[11]

Defendant, with two others in the front seat, was traveling in his vehicle in the same direction as plaintiff.[12] As defendant completed a turn in the road, he saw plaintiff's car,[13] applied his brakes,[14] and made an effort to pull the wheel to the left.[15] Locking of the wheels prevented avoidance of the collision,[16] with the result the right front of defendant's car collided with the left rear of plaintiff's and with plaintiff, who was then standing behind his vehicle and facing it.[17] Plaintiff was seriously injured.[18]

Plaintiff saw no reflection on his car from the lights of defendant's oncoming car.[19] He did hear a screech of brakes, but not in time to escape injury.[20] Defendant never saw plaintiff until after he was hit.[21] At the time of the accident the lights were off on plaintiff's car.[22] During the time plaintiff's lights were on, either three or four cars passed plaintiff in the same direction; after the lights were turned off, the next car was that of defendant.[23] The left lane going north was free of traffic,[24] and atmospheric conditions were clear.[25] The accident occurred at a point stipulated to be 153.4 feet from the end of the curve in the road.[26] The fact there were 52 feet of skid marks to the point of impact,[27] the condition of both automobiles after the collision, as well as other testimony, does not indicate excessive speed[28] of defendant at the time of the accident.[29]

1. Complaint par. 1; Answer par. 1; R. 36, 37, 45, 46, 52.

2. Complaint par. 2; Answer par. 2; R. 81.

3. 28 U.S.C.A. § 1332.

4. R. 10-11, 47-48.

5. R. 67, 92.

6. R. 11.

7. R. 78.

8. R. 79.

9. R. 69-70.

10. R. 29-31, 93.

11. R. 17-18.

12. R. 81-82.

13. R. 84.

14. R. 35, 57, 68, 71, 73, 84.

15. R. 71, 84, 99, 101-102.

16. R. 73-74.

17. R. 34, 77; DX 1, 4.

18. R. 19-23; Strange Deposition.

19. R. 35.

20. R. 35.

21. R. 89.

22. R. 71, 87, 93-94, 95, 99, 101.

23. R. 93.

24. R. 96.

25. R. 24, 50, 94.

26. R. 57.

27. R. 68, 74.

28. R. 69.

29. R. 84, 68, 74, 70, 71, 75, 76-77.

2. Maryland law is applicable.

■ 3. Defendant was negligent in failing to observe plaintiff's position in time to avoid the accident. By statute road lighting low-beams must be so aimed and of sufficient intensity to reveal a person or vehicle at a distance of at least 100 feet ahead.[30] It may be inferred this provision is reasonably calculated to alert the careful driver of advance objects and thereby maintain road safety. Thus, after negotiating the curve, defendant, in the exercise of reasonable care and caution, should have seen plaintiff and plaintiff's car in his headlights in time to have avoided collision by directing his automobile to the unobstructed space to the left. Defendant's negligence was a proximate cause of the accident.

■ Plaintiff was negligent in that (1) it was not impossible for plaintiff to avoid stopping and leaving his vehicle in a position of danger;[31] and (2) plaintiff's vehicle was parked upon the main traveled portion of the highway at night without lights.[32] Plaintiff's negligence was a contributing factor to the accident.[33]

■■ The tortuous doctrine of Last Clear Chance is predicated upon defendant's clear chance to avoid injury to plaintiff after contributing causes have placed the plaintiff in a position of danger.[34] There is evidence here which indicates defendant was given the fresh opportunity to avert the consequences of his original negligence and plaintiff's contributory negligence.[35] Seconds before the collision, defendant became cognizant of the imminent danger before him, and only the locking of the brakes and the failure to maintain proper control of the vehicle foreclosed that opportunity. Therefore, in not utilizing with reasonable care and competence his then existing ability to avoid harming the plaintiff, defendant must be held solely liable.

There is a line of authority to the effect that even if defendant could have avoided the accident after he saw or should have seen plaintiff in a position of danger, if the plaintiff could then have escaped by the exercise of ordinary care on his part, plaintiff can not recover.[36] However, that rule is inapplicable on these facts.[37] Here, plaintiff was in a position of helpless peril from which he could not, at the time of the accident, extricate himself. He possessed no awareness of the approaching danger, and, consequently, had no time within which to respond to it.[38]

Damages are computed as follows:

(1) For past medical attention and hospitalization—$4,049.[39]

30. Flack's Annotated Code of Maryland, 1955 Supp., Art. 66½, § 245(b). Although counsel for both parties stipulated as to Flack's Annotated Code of Maryland 1951, § 245(d), requiring all road lighting beams to be aimed at a distance of at least 200 feet ahead, independent research has disclosed the above amendment of 1954 to be applicable.

31. Flack's Annotated Code of Maryland 1951, Art. 66½, § 209.

32. Flack's Annotated Code of Maryland 1951, Art. 66½, § 240.

33. Cocco v. Lissau, 202 Md. 196, 95 A. 2d 857, 858–859; Sun Cab Co. v. Cusick, 209 Md. 354, 121 A.2d 188, 191; also § 478, Restatement of Torts.

34. Meldrum v. Kellam Distributing Co., 211 Md. 504, 128 A.2d 400, 404. Also see West v. Belle Isle Cab Co., 203 Md. 244,

100 A.2d 17, 21; Richardson v. Cox, 203 Md. 426, 101 A.2d 213, 217, 44 A.L.R. 2d 231.

35. Peregoy, Use of Himself & Globe Indem. Co. v. Western Maryland R. Co., 202 Md. 203, 95 A.2d 867, 870.

36. See Martin v. Sweeney, 207 Md. 543, 114 A.2d 825, 829, for citations. In that case plaintiff was held concurrently negligent for failing to exercise ordinary care after she became aware of her immediate danger and had time to escape.

37. Compare § 479 and Comment a with § 480 and Comment a of the Restatement of Torts, cited approvingly by the Maryland courts.

38. See, in this respect, Lord v. Poore, 9 Terry 595, 48 Del. 595, 108 A. 366, 370.

39. PX 1, 2; R. 59–60.

(2) For future medical attention and hospitalization—$150.[40]

(3) For loss of earnings from the period February 19, 1955, through September 24, 1956—$4,150.[41]

(4) For physical injuries, including pain and suffering—$3,000.[42]

Judgment will be entered for plaintiff in the total amount of $11,349.

---

40.  Strange Deposition 3-4.

41.  R. 4-7.

42.  R. 6, 18-23, 53; Strange Deposition.