## ROSE v. SPIRE

[No. 306, September Term, 1962.]

*Decided June 7, 1963.*

548

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*James R. White* and *A. David Gomborov,* with whom were *Matthew Swerdloff, Benjamin R. Goertemiller, Louis J. Glick* and *Silbert & Gomborov* on the brief, for appellant.

*J. William Schneider, Jr.* and *Eugene A. Edgett, Jr.,* for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Edward Richard Rose, plaintiff below, has appealed from a judgment for costs entered upon the verdict of a jury in favor of Edward D. Spire, appellee and defendant below.

His primary contentions here are that the trial court erred in failing to grant the plaintiff's prayer offered at the conclusion of all of the evidence, instructing the jury that there had been offered no legally sufficient evidence of contributory negligence on the part of the plaintiff; and that the lower court erred in instructing the jury on contributory negligence of the plaintiff.

The case arose out of an accident on January 18, 1960, resulting in injuries suffered by appellant while a passenger in an automobile driven by appellee. The parties were classmates at the University of Maryland Dental School and had driven to and from school in a car pool since the beginning of the school year in September 1959. On the date in question, the appellee was the driver and was driving the other members of the car pool home. When they left the school, the appellant was seated on the right rear seat, Paul Rubenstein was seated on his left on the rear seat, Frederick Skolnick and Martin Millison were seated in the front with the driver. A briefcase belonging to appellant was on the floor in the back, between appellant and Rubenstein. This briefcase contained about $200 worth of slides used by appellant in studying for an examination in one of his courses.

The automobile driven by appellee was a 1953 Buick two door sedan, which had front seats that folded forward when a person attempted to exit from the back seat.

After dropping off Skolnick and Millison at their destinations, the appellee proceeded to the corner of Garden Drive and Sumpter Avenue, where appellant usually left the car to walk the short distance to his home on Sumpter Avenue. Testimony at the trial indicated that the usual procedure was that the appellee stopped on Garden Drive at the intersection with Sumpter Avenue to discharge appellant and then turned left on Sumpter to continue his trip home, but that occasionally he turned right to take appellant directly to his house.

On this occasion appellee drew to the curb, came to a complete stop at the intersection, as was his custom, and appellant reached to his left to get his brief case. There was conflict in the testimony as to the appellant's actual position at this instant. It appears that he was either crouching forward or standing with his hand on the back of the right front seat, not sitting on the back seat, or he was in contact with the back seat but leaning forward in preparation for getting up and out of the right door. In either event, appellee, without warning, started the car forward and turned to the right on Sumpter, driving a distance of about twenty feet. He then made a quick stop (also described as "sudden, unexpected, faster than usual"). This unexpected start and sudden stop caused appellant to fall back on the seat and then to be thrown forward over the front seat. His face struck the radio knob on the dashboard, resulting in a compound fracture of the nose and severe lacerations of his forehead. The testimony indicated the speed of the car prior to the stop was between five to fifteen miles per hour. Mr. Rubenstein, the left rear passenger, was also thrown forward by the sudden stop, striking the back of the seat in front of him and forcing the appellee-driver against the steering wheel, causing Spire's back to be wrenched.

Contributory negligence, like primary negligence, is relative in nature, not absolute, and depends upon the particular circumstances of each case. *Boyd, Adm'r v. Simpler,* 222 Md. 126, 158 A. 2d 666. The relativity of contributory negligence is pointed out in *Balto. Transit Co. v. Sun Cab Co.,* 210 Md. 555,

565, 124 A. 2d 567, where this Court definitively set out the standard of care to be used in measuring contributory negligence.

> "The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligent if an ordinarily prudent person would have made what proves to have been the same error."

See also *Thomas v. Baltimore Transit Co.*, 211 Md. 262, 267, 127 A. 2d 128; and *Sanders v. Williams*, 209 Md. 149, 152, 120 A. 2d 397. Although the *Thomas* and *Sun Cab Co.* cases involved common carriers, the principle is the same in this guest-passenger case.

The cases cited by the appellee involve fact situations completely distinguishable from the present case. Those cases involved a worker riding on the running board of his employer's truck (*Baur v. Calic*, 166 Md. 387, 171 Atl. 713) ; or standing in the back of a truck (*Richardson v. State*, 203 Md. 426, 101 A. 2d 213) ; or sitting on another passenger's lap (*Carlson v. P. F. Collier & Son Corporation* (Wash.), 67 P. 2d 842) ; or other unusual situations, such as in *Schneider v. American Indemnity Co.* (Wisc.), 6 N.W. 2d 644, where the passenger, riding in the rear seat, stood up while the car was in motion and turned his back to adjust the rear seat and was injured when the driver suddenly stopped to avoid striking a car that had stopped ahead.

In this case Rose was a passenger who, when the driver stopped at the usual discharge point, made preparations to exit from the vehicle, but was injured by a sudden stop after the driver unexpectedly and without warning drove the car forward after the original stop. If appellant had gotten up from his seat while the car was still in motion, there might have been a question of contributory negligence. That situation is not before us. Here, appellant did not make any effort to get up or get out of the car until it had stopped at the usual place

where he would normally make his exit from the vehicle. We find that the actions of the appellant, under these circumstances, were those of an ordinarily prudent man under similar or the same circumstances. His actions as a matter of law could not be considered contributory negligence under the facts of this case. Consequently, it was reversible error for the lower court to deny appellant's prayer for a directed verdict on the issue of contributory negligence, and to instruct the jury concerning contributory negligence in his charge to the jury.

Inasmuch as the judgment of the lower court must be reversed and the case remanded for a new trial, we will not unduly prolong this opinion with a lengthy discussion of the remaining contentions of the appellant, but will briefly comment upon them for the guidance of the trial court on remand.

We think the lower court's instructions to the jury concerning the law on movement of vehicles and the burden of the appellant in establishing negligence was in error and not applicable to the facts of this case. Likewise there was error in failing to instruct the jury with regard to the duty of the appellee to the appellant. The jury should have been instructed that the appellant was entitled to rely to a reasonable extent upon the assumption that the appellee would exercise due care in the operation of the automobile so as not to cause injury to the appellant. Cf. *Balto., C. & A. Rwy. Co. v. Turner,* 152 Md. 216, 228, 136 Atl. 609. See also *Brady v. Audubon Insurance Company* (La.), 114 S. 2d 659.

With reference to the claim that the lower court erred in failing to grant the appellant's motion for a directed verdict, we find no error. In this case, reasonable men could differ as to the cause of the accident. *Bernardi v. Roedel,* 225 Md. 17, 21, 168 A. 2d 886; *Kantor v. Ash,* 215 Md. 285, 292, 137 A. 2d 661. See also 11 Md. L. Rev. 44, 47-49.

> *Judgment reversed and case remanded for a new trial. Costs to be paid by appellee.*