GELLERSON, ET AL. v. RASINS, ET UX.

[No. 579, September Term, 1966.]

76

*Decided November 14, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, BARNES and FINAN, JJ.

*Joseph F. McBride,* with whom were *Bill L. Yoho, Robert S. Hoyert, Roy W. Hooten* and *Hoyert & Yoho* on the brief, for appellants.

*John L. Schroeder,* with whom was *Don F. Ryder, Jr.* on the brief, for appellees.

HORNEY, J., delivered the opinion of the Court.

This appeal is from the judgment for costs entered on a jury verdict in favor of the defendants-appellees (Robert C. Rasins, et ux.) against the plaintiffs-appellants (Russell McC. Gellerson, et al.) arising out of a bicycle-automobile collision.

At the time of the accident, Betty Jane Rasins was operating the automobile and Russell was riding as a passenger on the handlebar of the bicycle pedaled by Andrew Andre. Russell was facing frontward with a hand on each side of the handlebar and with his feet on the axle of the front wheel when the collision occurred. As he had often done, Russell was helping Andrew deliver newspapers. Both boys were twelve years old.

The operator of the automobile testified that she saw the boys a block away while she was driving at the twenty-five mile speed limit. She slowed down at once, began touching the brakes and sounded the horn when she was two or three car lengths behind the bicycle. Apparently the operator of the bicycle and the passenger were unaware of the automobile approaching them from the rear until they heard the beep of the horn. The bicyclist testified that he was steering the bicycle and that the passenger was "just holding on," but there was no evidence one way or the other as to whether or not the position of

the passenger on the bicycle impeded the ability of the bicyclist to balance and steer the vehicle. There was a conflict in the evidence as to what part of the road the boys were traveling on and as to whether the bicycle was turned to the right or the left in an effort to avoid being hit by the automobile. The only clear fact is that as the operator of the automobile approached the bicycle from the rear with the apparent intention of passing it, the automobile and the bicycle collided.

Although Andrew was not made a party to the action, there is evidence in the record indicating that he might have been negligent. But when the attorney for the appellants requested an instruction advising the jury that any negligence it might believe Andrew guilty of should not be imputed to Russell, the trial judge refused to do so. We think this was error.

It is clear that negligent conduct by the operator of a vehicle is not imputable to a passenger in the absence of an agency relationship or actual or presumed control over the vehicle by the passenger. *Powers v. State use of Reynolds,* 178 Md. 23, 11 A. 2d 909 (1940) ; *Tobin v. Hoffman,* 202 Md. 382, 96 A. 2d 597 (1953). See also *Slutter v. Homer,* 244 Md. 131, 223 A.2d 141 (1966), where it was said that the doctrine of imputed negligence, like agency, is based on relationship but turns on the facts in respect of the right to control the vehicle whereas the agency doctrine (predicated on status rather than on an inference of fact) applies irrespective of the momentary right of physical control. In *M. & C. C. of Baltimore v. State use of Cirtout,* 146 Md. 440, 126 Atl. 130 (1924), our predecessors refused to impute the negligence of a motorcycle operator to a passenger, stating (at p. 450) that "[t]his case falls within the rule that 'the contributory negligence of * * * the driver of a * * * private vehicle, not owned or controlled by the passenger, and who is himself without fault, will not constitute a bar to the right of the passenger to recover for injuries received.' " As a passenger on a bicycle is in the same category as motorcycle and automobile passengers, the negligence of a bicyclist may not ordinarily be imputed to a passenger on the bicycle. *Harris v. Morris,* 259 S. W. 2d 469 (Ky. 1953) ; *Hensley v. Briggs,* 52 S. E. 2d 5 (N. C. 1949).

The issues of negligence and contributory negligence were

properly submitted to the jury. Some courts have held that a passenger riding in an unusual place or improper position in or on a vehicle either assumed the risk or was contributorily negligent as a matter of law, *McIntyre v. Pope,* 191 Atl. 607 (Pa. 1937) and *McMahon v. Hamilton,* 267 Pac. 546 (Cal. 1928), but that is not always the case; ordinarily, the question is one for the trier of fact. In *Richardson v. State use of Cox,* 203 Md. 426, 101 A.2d 213 (1953), it was pointed out that riding in an unusual or improper place or position in a vehicle does not necessarily constitute contributory negligence; that a passenger riding in a place or position known to be dangerous is ordinarily contributorily negligent when such conduct is a proximate cause of his injuries; and that a passenger is not guilty of contributory negligence as a matter of law unless there was reasonable cause for him to believe that the place or position was more dangerous than another place or position or where the nature of the danger was such as should have been anticipated. Also see 61 C.J.S. *Motor Vehicles* § 490; 8 Am. Jur. 2d, *Automobiles and Highway Traffic* §§ 550, 554; Annotation, 44 A.L.R. 2d 238. A passenger, however, may be guilty of contributory negligence if he impedes or restricts the facility of the operator to drive the vehicle and such conduct is a proximate cause of the accident. *Coy v. Hoover,* 272 S. W. 2d 449 (Ky. 1954) ; *McIntyre v. Pope, supra.*[1] Accordingly, it is generally held that a passenger on a bicycle is not contributorily negligent *per se* and that it is for the jury to decide the issue under all the facts and circumstances. *Stockfisch v. Fox,* 267 N.W. 754 (Mich. 1936) ; *Hensley v. Briggs, supra; Harris v. Morris, supra.*

As herein indicated, it is not clear from the record whether Russell had any control over the operation of the bicycle or whether his position on the handlebar made the bicycle more difficult to steer in an emergency and thereby so impeded the handling of the bicycle as to proximately contribute to his in-

---

1. Code (Rep. Vol. 6), Art. 66½, § 249, states that no person shall drive a vehicle when there are so many passengers as to obstruct the view of the operator or interfere with his control over the vehicle. And § 184 provides that persons riding bicycles shall be subject to the provisions of Art. 66½.

juries. On retrial therefore it may be expedient to instruct the jury to consider these circumstances in determining whether or not the appellant was in fact guilty of contributory negligence.

Since the law with respect to the impeachment of witnesses is well settled—see the cases collected in 23 M.L.E. *Witnesses,* §§ 161-168—and the confusion as to the rule is not likely to re-occur, we deem it unnecessary to consider the other question as to whether it was error for the defendants to impeach a witness they had called in their own behalf.

> *Judgment reversed and case remanded for a new trial; the appellees to pay the costs.*